# LAUGHINGHOUSE *vs.* LAUGHINGHOUSE.

[APPLICATION TO REVOKE LETTERS OF GUARDIANSHIP OF LUNATIC.]

1. *Inquisition to be had before probate judge.*—Under the provisions of the Code, (§§ 2750-53,) an inquisition of lunacy must be tried before the probate judge, who must preside at the trial, administer the oath to the jurors, and receive their verdict when rendered : if the trial is had before the sheriff, in the absence of the probate judge, the proceedings are *coram non judice* and void.

APPEAL from the Probate Court of Madison.

IN the matter of the petition of Joseph Laughinghouse for the revocation of letters of guardianship over his person and property, previously issued by said probate court, on the ground that he was a lunatic, to John E. Laughinghouse. The letters of guardianship were founded on an inquisition of lunacy, the validity of which the petitioner assailed and denied on several specified grounds; the principal objections being, that the inquisition was not held before the probate judge, that the petitioner was not notified of the proceedings, and that the jurors were not properly sworn. The court dismissed the petition, and refused to revoke the letters of guardianship ; to which ruling and decision the petitioner excepted, and he now assigns the same as error.

JAMES ROBINSON, for appellant.
R. C. BRICKELL, *contra.*

STONE, J.—There is one fundamental error in the proceedings to have Joseph Laughinghouse declared a lunatic, which must work the reversal of this case. The writ to the sheriff directed him, not only to summon a jury, but to organize and qualify it, and to take the inquisition. We gather from the record that the trial was had before the sheriff, in the absence of the judge of probate. This was

wrong. Our statutes, conferring this statutory and sum-
mary remedy, evidently contemplate a trial before the
judge of probate. He must preside at the trial, adminis-
ter the oath to the jury, and receive their verdict when
rendered. In this, as in other trials, the sheriff is only the
ministerial officer of the law.—Code, §§ 2750–1–2–3,
*et seq.*

There is nothing in these sections of the Code which
in terms requires the trial to be had before the probate
judge; but such is plainly inferrible from their phraseology
in several places. Section 2763 declares what compensa-
tion shall be allowed to the jurors and witnesses, to be
paid *on the certificate of the judge of probate.* It would be
strange to require him to certify that certain services were
rendered, on a trial with which he had nothing to do.

The act of 1821, (Clay's Digest, p. 302, § 30,) while it
evidently permitted such trials to be had before the sheriff,
directed that, "on sufficient cause shown, the judge may
order any such inquisition to be had before him." Under
that statute the inquisition was held which was brought
to view in the case of *McCurry v. Hooper,* 12 Ala. 823.
The Code evidently intended to change that rule, and to
require such trials, in all cases, to be had before the judge
of probate.

It follows from what we have said, that the whole pro-
ceedings had in this cause, after the petition was filed, and
the appointment of a guardian for Mr. Laughinghouse, were
*coram non judice* and void; and the appointment should
have been revoked. The other questions presented will
not probably arise again, as, on another trial, the court
can conform to the statute, as to length of notice, oath of
jurors, presence of the alleged lunatic, &c. We deem it
unnecessary to express any opinion on those questions.

The judgment of the probate court of Madison, in refus-
ing to revoke the appointment of John E. Laughinghouse
as guardian, is reversed, and the cause remanded.