# *Ex parte* Trice.

## *Application for Mandamus.*

1. *Revised Code,* § 1060, *construed.*—A person indicted in the circuit court for a felony, and enlarged on bail to answer, is not "in confinement" within the meaning of section 1060 of the Revised Code, which authorizes the circuit judge, in certain cases, to order an inquiry as to the sanity of prisoners, and direct their removal to an insane asylum.

2. *Same.*—The jurisdiction thus given vests in the judge, not in the court. Notice to the person affected by the proceeding is indispensable to its validity, and the record must recite the existence of every fact on which the jurisdiction is based; otherwise, the judgment is a mere nullity.

3. *Same.*—The fact that property of persons living in the neighborhood is endangered by the mental unsoundness of the party at large on bail, does not give the circuit judge authority to order her confinement in the lunatic asylum.

4. *Mandamus; when does not lie.*—A remedial writ will not be directed to a judicial officer, after his office has expired, to compel him to vacate an illegal or void order.

Application for *mandamus.*—The petitioner, Hannah Trice, was indicted in the circuit court of Blount, for arson. Having been arrested on a *capias*, she gave bail for her appearance to answer. On the last day of the fall term, 1874, the circuit judge (Hon. W. J. HARALSON), on motion of the solicitor, ordered an inquiry into her sanity. This was had in her absence, and without any notice to her; but

counsel represented her, and reserved exceptions in her behalf. The court made an order, discharging her from the custody of her bail, and directing the sheriff to take her into custody, and confine her in the insane asylum until restored to her reason. This order states that the court was "satisfied that said Hannah Trice is of unsound mind, from the examination of the record and proceedings had in the probate court of the county, since the last term of this court, wherein said Hannah Trice was by verdict of a jury, and judgment of said court declared to be of unsound mind;" and that "it appeared to the satisfaction of the court, by ample testimony, that the property of persons in the neighborhood of said defendant, against whom she may be prejudiced, is unsafe by reason of her unsound mind." Application is now made for *mandamus* to compel the present circuit judge to vacate the order, &c.

C. F. HAMILL, *for motion.*—The power conferred by section 1060, R. C., can be exercised only when the person is "*in confinement,*" and is given only in the contingencies set forth in the statute. The order is void in this case, because Trice was not in confinement, and had no notice of the inquisition ordered. If she was dangerous to person or property, she might have been dealt with under section 3598, R. C. The fact that she was "dangerous" cannot give the judge any authority outside the statute.

BRICKELL, C. J.—It is the duty of the court, on a proper application by a party injured or affected by any final order, judgment, or decree, void on its face, to vacate it, at any time subsequent to its rendition. *Johnson* v. *Johnson*, 40 Ala. 247. A motion to the court in term time, entered on the motion docket, is a proper application.

The statute (R. C. § 1060) authorizes the judge of the circuit court, when any person is in confinement under indictment, or on any other than civil process, and appears to be insane, to institute an inquiry into his sanity, and, if necessary, to call a jury to determine the inquiry. If such person is found insane, the judge may order his discharge from imprisonment, and his removal to the insane asylum, there to remain until restored to sanity.

The petitioner was indicted in the circuit court of Blount county, for arson; was arrested, and gave bail for her appearance, from term to term, to answer the charge. The indictment was found at the spring term, 1874, and on the last day of the fall term of that year, on motion of the so-

[*Ex parte* Trice.]

licitor, an inquiry was had by the judge of the court, into the sanity of the petitioner, and her removal to the insane asylum was ordered.    No notice of the proceeding was given her, and the record recites that she was not in confinement, but at large on bail.    The proceeding is without authority of law.    No man can be pronounced insane, deprived of his liberty, or of his property, and its control, and subjected to the dominion of others, by any judicial proceeding, of which he has not notice, and the right and opportunity of being heard in opposition to it.    *McCurry* v. *Hooper*, 12 Ala. 823; *Eslava* v. *Lepretre*, 21 Ala. 504; *Laughinghouse* v. *Laughinghouse*, 38 Ala. 257.    Notice to the petitioner was an indispensable element of the jurisdiction the circuit judge was proposing to exercise.

The jurisdiction of the judge is statutory.    It did not exist at common law, and is not inherent in his office or court. In the exercise of this jurisdiction, the record must disclose that the facts on which it depends, as expressed in the statute, existed, or the proceeding and judgment is a nullity. *Gunn* v. *Howell*, 27 Ala. 663; *Foster* v. *Glazener*, *Ib.* 391. The statute does not clothe him with jurisdiction to institute the investigation as to the sanity of every person who may be under indictment, or under arrest on other than civil process, and to order such person removed to the insane aylum. The jurisdiction extends only to those who may be *in confinement*.    If they are not *in confinement*, he is as devoid of jurisdiction as he would have been if the statute had never been enacted.    The words "*in confinement*" are used to import those who are imprisoned in the county jail, awaiting a final trial, or in the actual custody of the officers of the law, as distinguished from those not having been arrested, or, having been arrested, have been discharged from arrest on bail.    It is true that a man's bail are looked upon as his jailers of his own choosing, and for some purpose he is esteemed to be in their custody, and in the prison of the court. This, however, is rather a legal fiction, indulged to secure to the bail the ample right by law to detain the principal, and to surrender him in discharge of their recognizance or obligation.    "Admission to bail" is defined by the statute as "the order of a competent court, magistrate, or officer, that the defendant be discharged from actual custody on bail."    R. C. § 4322.    When so discharged, he is not "in confinement," within the meaning of the statute, under which the circuit judge was proceeding.

We attach no importance to the recital in the record, that the property of persons in the neighborhood of petitioner,

[Nelson v. Manning.]

against whom she had prejudice, was endangered because of her mental unsoundness. We are not aware of any law, which authorizes a circuit judge, on any such ground, to commit one to the lunatic asylum.

The jurisdiction which was exercised, is conferred on the judge of the circuit court, not on the circuit court. He may exercise it in term time, or in vacation; but, when exercising it, he sits, and his authority is as judge only. Here it was exercised in term time, and properly entered of record. The term of office of the judge making the order has expired, as we are bound judicially to notice. We can now direct to him no remedial writ. *Ex parte Grant*, 6 Ala. 91; *Ex parte Peterson*, 33 Ala. 74. No application has been made to his successor, to vacate and annul the void order. Until it is made, and refused, we cannot award compulsory process to compel its vacation. This application must, therefore, be denied, on this ground only.