# Danzey *et al. v.* The State.

*Indictment for an Assault with Intent to Murder.*

1. *Construction of statutes; effect of grammatical construction and punctuation.*—In the construction of statutes, their language, and not their technical grammatical construction, or their punctuation, must control.

2. *Assaults and batteries with a weapon; jurisdiction of justices of the peace.*—Justices of the peace have no jurisdiction of an assault or assault and battery with a weapon; and hence a judgment of conviction of either of these offences, where a weapon is used, before a justice of the peace, is void, and can not operate to bar a prosecution therefor by indictment in the circuit court.

APPEAL from Henry Circuit Court.
Tried before Hon. H. D. CLAYTON.

Dennis Danzey and others, the appellants, were indicted for an assault with intent to murder. As shown by the judgment entry, they were first tried on the plea of not guilty "of

[Danzey et al v. The State.]

an assault with intent to murder," and the jury returned a verdict finding them "not guilty of an assault with intent to murder." Thereupon they "pleaded the further plea of former conviction," which issue was tried, and they were convicted of an assault and battery. The bill of exceptions recites that "the evidence showed that the defendants were not guilty of the higher offence charged in the indictment, but were guilty of an assault and battery, in which a stick and pistol were used."

The other facts are stated in the opinion.

H. D. CLAYTON, JR., for appellants.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The appellants were indicted for an assault with intent to murder. . On the trial it appeared, they were not guilty of that offence, but were guilty of an assault and battery, in which they used a stick and pistol. It was shown, that for the identical assault and battery they had been convicted before a justice of the peace of the county, sentenced to pay a fine, and had paid it, before the finding of the present indictment. On this judgment of conviction the appellants relied as a bar to the present prosecution. The Circuit Court was of opinion, and so instructed the jury, that the justice of the peace was without jurisdiction of an assault, or an assault and battery, in which a stick or other weapon is used, and that the judgment of conviction was of consequence void, not operating to bar a prosecution by indictment in the circuit court.

The regularity of the mode by which this question was presented to the Circuit Court, was not matter of objection in that court, nor has it been questioned in this court. It was not considered in the Circuit Court—did not influence the decision of the court, which was directed alone to the jurisdiction of the justice, as if that question was regularly and solely presented. We will therefore pass only upon that question, without expressing approval or disapproval now of the manner in which it was raised in the Circuit Court.

The present constitution, following the constitutions of 1865, and of 1868, authorizes the General Assembly to confer on justices of the peace jurisdiction in cases of petit larceny, assault, assault and battery, affray, unlawful assemblies, vagrancy, and other misdemeanors. All the offences enumerated are minor, subjected at common law and under pre-existing statutes to punishments of the least severity. It was of such offences only, because of their grade, the makers of the con-

[Danzey et al v. The State.]

stitution supposed jurisdiction could be safely entrusted to justices of the peace, the most inferior of judicial officers in point of jurisdiction in the judicial system of the State. Whether the authority should be exercised, was committed to the discretion of the General Assembly. In the exercise of the discretion, by law jurisdiction of all misdemeanors could be conferred on justices, or only of particular misdemeanors. Jurisdiction of them, when not attended by circumstances of aggravation, adding to their criminality, could be conferred, and withheld, when such circustances existed. The General Assembly have conferred on justices of the peace, concurrently with the county courts, jurisdiction of certain misdemeanors in these words : (quoting only so much of the statute, as pertains to the question now before us,) "violations of Sunday, vagrancy, assaults, assaults and batteries, and affrays in which no stick or other weapon is used," &c. We have retained the punctuation as it is found in the printed statute, as it is upon that the appellants invoke a construction of the statute, which will exclude from the jurisdiction of the justice affrays in which "a stick or other weapon is used, leaving to him full jurisdiction of assaults, or of assaults and batteries, in which a stick or other weapon may have been used. The interposition of a comma after the words *assaults and batteries,* and before the words, *affrays in which no stick or other weapon is used,* it is argued, separates the sentence into different members, and leaves the qualifying, limiting words applicable only to affrays. This may or may not be the technical, grammatical construction of the sentence. An ordinary reader of the statute would scarcely discover the comma, or if he did, would not attach to it any particular significance; nor would he entertain a doubt, that as assaults, assaults and batteries, and affrays, are kindred offences of the same grade, subjected to punishment of the like kind, that it was the intention of the legislature, the qualifying words should be applied to all the offences, and not to affrays only. No reason for distinguishing between them can be assigned, and the law-maker may not punctuate correctly, and yet may clearly express his meaning. It is the language, the words of the statute, which must be construed, without indulging in criticisms upon its grammar, or its punctuation. Statutes in the course of legislative procedure are read to the General Assembly, and, as is said, they apprehend them by the ear, not by the eye, which alone can take cognizance of punctuation.—Bish. Stat. Crimes, §78. The punctuation is not their work ; to it their attention is not directed. It is most often the work of the draftsman, and not infrequently of the clerk entrusted with the duty of copying, or of the

[Brinster v. Compton.]

printer in publishing. The ancients were unacquainted with it, and it varies now according to the tastes of scholars and of writers. Resort to it is never had in the construction of statutes, and it is of very doubtful use in the construction of writings between individuals. In 3 Dane's Ab. 558, it is said : "Stops are never inserted in statutes or deeds, but the courts of law in construing them must read them with such stops as will give effect to the whole." The legislative intention, expressed in the clearest words, would often be defeated, if the courts did not disregard the punctuation, and read their enactments as if they were properly pointed.—Sedg. Stat. & Con. Law, 225, n. *Gyger's appeal*, 65 Penn. St. 312 ; *Cushing v. Worrick*, 9 Gray, 382. There can be no doubt, that the statutes regard an assault, or an assault and battery, or an affray, in which a stick or other weapon is used, as a more serious offence, than if such instrument had not been employed. The fee of a solicitor for the conviction of the former, is double that of a conviction for the latter. The whole purpose of the statute is to confer jurisdiction on the county courts, and on justices of the offence, when unattended by this circumstance of aggravation, and to withhold it when the circumstance exists.

There is no error in the rulings of the Circuit Court of prejudice to the appellants.

Affirmed.