(81 South. 355)

GRAHAM v. CITY OF MOBILE.
(1 Div. 304.)

(Court of Appeals of Alabama. March 18, 1919.)

1. STATUTES ⬤➡181(1)—CONSTRUCTION—LEGISLATIVE INTENT.

In construing statutes, the intention of the Legislature will be given effect.

2. STATUTES ⬤➡183 — CONSTRUCTION — PURPOSE OF ACT.

The meaning of the Legislature may be extended beyond the precise words used if such was the intent of the Legislature.

3. SCHOOLS AND SCHOOL DISTRICTS ⬤➡63(1, 5) — ATTENDANCE OFFICER — AUTHORITY TO APPOINT.

Acts 1915, p. 534, held, in view of section 5, to authorize board of school commissioners of Mobile county, as constituted under Acts 1875–76, p. 363, to appoint attendance officer for city of Mobile to be compensated out of city treasury, notwithstanding Const. 1901, § 270, such city having no city board of education, and Acts 1915, p. 534, not being limited to the county boards created under Code 1907, § 1713, or city boards created under section 1349.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by F. H. Graham against the City of Mobile. Judgment 'for defendant, and plaintiff appeals. Reversed and remanded.

Action by the plaintiff (appellant here) to recover from the defendant for services rendered as attendance officer, claiming appointment and right to compensation under and by virtue of an act of the Legislature approved September 15, 1915 (Acts 1915, p. 534).

Palmer Pillans and Alexis T. Gresham, both of Mobile, for appellant.
Robert H. Smith, of Mobile, for appellee.

SAMFORD, J. The sole question presented in this case is whether the board of school commissioners of Mobile county, as constituted under and by virtue of an act of the Legislature of Alabama approved February 15, 1876 (Acts 1875–76, p. 363), was authorized and empowered under and by virtue of an act of the Legislature approved September 15, 1915 (Acts 1915, p. 534), to appoint the plaintiff as an attendance officer for the city of Mobile. It is contended by the appellee that the language of the act of 1915 clearly and distinctly refers to county boards as created by section 1713 and section 1349 of the Code of 1907; that there is no city board of education in the city of Mobile; that, in order to entitle such attendance officer to compensation to ,be paid out of the city treasury, he must be appointed by the city board of education, and, as he was not thus appointed, the city would not be liable to pay for his services. It is also insisted that the school commissioners of Mobile county and city is a thing apart, with a separate identity, and with no connection whatever with the general laws governing and applicable to the public school system or to the children of Mobile county attending the schools. And defendant's counsel insist that section 270 of the Constitution preserves this separate identity free from the interference of the Legislature of Alabama.

Section 270 of the Constitution, so far as applicable is as follows:

<hr>

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Sec. 270. The provisions of this article and of any act of the Legislature passed in pursuance thereof to establish, organize, and maintain a system of public schools throughout the state, shall apply to Mobile county only so far as to authorize and require the authorities designated by law to draw the portions of the funds to which said county shall be entitled for school purposes and to make reports to the superintendent of education as may be prescribed by law," etc.

The act of the Legislature of September 15, 1915, is:

"To compel the attendance at school of children within certain ages in the state of Alabama; to fix exceptions to such provisions; to provide means for the enforcement of this act; to require, reports from private or parochial schools; to make it unlawful for any parent, guardian, or other person occupying the place of parent, to violate the provisions hereof; to make it unlawful for any person, firm, corporation, or association to employ any child in violation of the provisions of this act; and to fix punishments and penalties for the violations of this act."

There is no limitation or exception as to children in the territory of the county of Mobile, and it requires no argument or authority to say that this act is not in any manner in conflict with section 270 of the Constitution. The city and county of Mobile are a part of the commonwealth of the state of Alabama, and all general acts of the Legislature are applicable alike to it, unless such acts contravene a provision of the Constitution intended to preserve some special institution within its confines.

It is urged by the appellee that the language of section 5 of the act of the Legislature of 1915 clearly and distinctly refers to county boards and city boards of education as created by sections 1713 and 1349 of the Code of 1907, but such is not the language of section 5, which reads as follows:

"5. That the county boards of education shall divide their respective counties exclusive of all cities and towns, into not less than one or more than five attendance districts, and said board shall appoint an attendance officer for every district created, who shall hold his office at the will of the county board of education, and the boards of education of all cities and towns shall appoint one or more attendance officers for their respective cities and towns to serve at the pleasure of the appointing board."

[1, 2] In construing statutes, it is the duty of the courts to ascertain, if possible, the intention of the lawmakers, and the—

"meaning of the Legislature may be extended beyond the precise words used in the law for the reason or motive upon which the Legislature proceeded from the end in view or the purpose which was designed. * * * A thing within the intention of the makers of the statute is as much within the statute as if it were within the letter. * * * The intention of the lawmaker constitutes the law. A thing may be within the letter of the statute and not within its meaning, and within its meaning though not within its letter." Cocciola et al. v. Wood-Dickerson Supply Co., 136 Ala. 536, 33 South. 857; Atkins v. Disintegrating Co., 18 Wall. (U. S.) 272, 21 L. Ed. 841; United States v. Freeman, 3 How. (U. S.) 565, 11 L. Ed. 724; State v. Dodd, infra, 81 South. 356.

[3] It requires no speculation to know that the Legislature intended to confer upon the controlling boards of education, by whatever name they were known or called, the duty to divide their respective counties as therein constituted and to appoint attendance officers for the purpose of carrying into effect the provisions of the entire act. The act does not limit itself to county boards of education created under sections 1713 and 1349 of the Code of 1907, and while the controlling board of education in Mobile county acts both for the city and for the county, it is clear that the legislative intent was that that board should take charge of the administration of this act within the county of Mobile, and when acting for the city, the city should pay the compensation for the attendance officer, and, when acting for the county, the county should pay for such services as are provided for in said act.

The rulings of the trial court were not in accord with the foregoing views, and the judgment is therefore reversed, and the cause is remanded.

Reversed and remanded.