## KNOWLES v. STATE. (1 Div. 529.)

(Court of Appeals of Alabama. Nov. 27, 1923.)

1. **Weapons** ⊚⟲15—Statute against shooting in dwelling house contemplates only buildings enumerated, and not "tent"; "dwelling house."

Code 1907, § 6897, declaring one guilty of a misdemeanor who shoots a firearm at or into a dwelling house, includes only those buildings

specifically mentioned, and does not include a tent set up to accommodate temporary employees employed at a sawmill; a "dwelling house" being a building used as a settled human abode, a house built for habitation, a domicile, including the building itself and buildings used in connection with it; and a "tent" being a shelter of flexible material supported by poles stretched by cords that are secured by pegs in the ground.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dwelling—Dwelling House; Tent.]

**2. Statutes ⚖⇒241(1)—Penal statutes strictly construed.**

Penal statutes must be strictly construed.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Frank Knowles was convicted of shooting firearms into a dwelling house, and appeals. Reversed and remanded.

R. P. Roach, of Mobile, for appellant.

The kind of building shot into is that which imports its character to the offense. A tent is not a dwelling house, and therefore there was a fatal variance between the allegations of the indictment and the proof. The general charge for defendant should have been given. Code 1907, § 6897; Matthews v. State, 15 Ala. App. 670, 74 South. 739; Am. Dig. p. 1603; Callahan v. State, 41 Tex. 43.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The affirmative charge was properly refused. Gibbs v. State, 8 Ga. App. 107, 68 S. E. 742; Webb v. State, 52 Ala. 422.

FOSTER, J. The indictment charged that the defendant "did wantonly and maliciously shoot a pistol or other firearms at, into, in or through the dwelling house of Ammons Weaver," etc. The alleged "dwelling house" was a canvas tent in which Ammons Weaver was sleeping the night of the shooting. The tent was in a lumber camp. Weaver reached the camp the day of the shooting and had been in the tent only a few hours when the shooting occurred. So far as the evidence shows, there was no article of furniture in the tent except the iron bed, with mattress on which Weaver was sleeping. The question for determination is: Was the tent, which the evidence tends to show was shot into, the dwelling house of Weaver within the meaning of section 6897 of the Code of 1907, which reads as follows:

"Any person who shoots a pistol or other firearm or sling shot, or who throws a stone or other missile at, into, in, through, or against a dwelling house, schoolhouse, church building, factory, storehouse, courthouse, or house or building used for manufacturing purposes, or any house or dwelling used for the assembling of people for business or pleasure, shall be guilty of a misdemeanor," etc.

[1] The houses or buildings specified in the statute constitute the only kind of houses or buildings in legislative contemplation in the enactment of the law. The kind of building shot into is that which imparts its character to the offense. Matthews et al. v. State, 15 Ala. App. 671, 74 South. 759.

"The words used in an indictment must be construed in their usual acceptation in common language, except words and phrases defined by law, which must be construed according to their legal meaning." Section 7135, Code 1907.

In their broadest sense the words "dwelling house" denote a building used as a settled human abode. "Dwelling house" is defined as "a house built for habitation, a domicile." "In law it may embrace the dwelling itself and such buildings as are used in connection with it."

The particular meaning intended to be expressed by the words "dwelling house" as used in the statute may be rendered obvious by the context or attendant circumstances, and resort may be had to those aids to interpretation to ascertain what is meant. Certain kinds of "houses or buildings" are specified in the statute. A cotton house, a corn crib not within the curtilage of a dwelling, a tent set up to accommodate temporarily employees at a sawmill camp, are not within the protection of the statute.

A "tent" is defined as "a shelter made of a flexible material, properly of canvas or other coarse textile fabric, supported by a pole or poles, and stretched by cords that are secured by pegs or pins driven into the ground." Such a structure as that described by the witness Weaver would in common language be called a tent and not a house.

It is not necessary here to define the exact time when a tent by its construction and uses might become a dwelling house. It can readily be perceived that there are tents which cannot be called houses, and the tent alleged to have been shot into was not a house.

In Callahan et al. v. State, 41 Tex. 43, the court held that an indictment charging theft from a house was not sustained by proof of theft from a tent.

[2] Giving to the words "tent" and "dwelling house" the meaning commonly accepted, and construing the statute strictly, as we are required to construe all penal statutes, we hold that the tent which the evidence in the instant case shows was shot into was not a house within the meaning of the statute.

The court erred in refusing the affirmative charge requested by the defendant.

The judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.