(130 So. 777)

## JOHNSON v. STATE.

### 6 Div. 727.

Supreme Court of Alabama.
Oct. 16, 1930.

Rehearing Denied Nov. 28, 1930.

L. D. Gray, of Jasper, for petitioner.

Charlie C. McCall, Atty. Gen., for the State.

BROWN, J.

The petitioner was convicted of the offense of having on her person one pint of whisky, as a misdemeanor. Section 4621, Code 1923. The jury assessed a fine of $50, and after adjudging her guilty in accordance with the verdict of the jury, the judgment recites: "It appearing to the court that the defendant having been, on a former occasion, convicted of violating the prohibition law of the State of Alabama, it is therefore the order and judgment and sentence of the court that the defendant, in addition to the payment of the fine and costs assessed against her in this case, perform hard labor for Walker County for a period of ninety days."

Section 4622 declares that: "Any violation of the preceding section shall be a misdemeanor, punishable by a fine of not less than fifty nor more than five hundred dollars, to which, at the discretion of the court or judge trying the case, may be added imprisonment in the county jail or confinement at hard labor for the county for not more than six months *for the first conviction;* and on the second and every subsequent conviction of a violation *of the preceding section,* the offense *shall, in addition* to a fine within the limits above named, *be punishable* by confinement at hard labor for the county for not less than three nor more than six months,

to be imposed by the court or judge trying the case." (Italics supplied.)

Section 4644, a part of the same article and chapter of the Code, prescribes the form and necessary averments of indictments, and provides that: "In any prosecution for a second or subsequent offense, it shall not be requisite to set forth in the indictment, information, complaint or affidavit, the record of a former conviction, but it shall be sufficient briefly to allege such conviction," etc.

██ Construing these several statutes as in pari materia, it is clear that they contemplate that to deprive the trial court of the discretion invested by section 4622 in imposing jail or hard labor sentence, the indictment or complaint in the case must aver a violation of the preceding section, making the former conviction a material issue on the trial of the case. Carson v. State, 108 Ala. 35, 19 So. 32. But that is not to say, when the indictment contains no such averment, that the court may not take into consideration a former conviction of said section or any other section, in exercising the discretion to impose the enhanced penalty.

██ Where it appears, as here, that the witness inspected the bottle, and smelled or tasted the contents thereof, no reason appears why he may not state his judgment as to whether the contents is whisky, the characteristics of which is a matter of such common knowledge that courts take judicial knowledge thereof. Underhill on Cr. Ev. (3d Ed.) § 60.

Writ denied.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.