76 So.2d 681

**Ex parte Silas Coma GARRETT, III.**

**6 Div. 804.**

Supreme Court of Alabama.

Dec. 16, 1954.

1. 261 Ala. 676.

Roderick Beddow and G. Ernest Jones, Birmingham, for petitioner.

Emmett Perry, Circuit Sol., Birmingham, for respondent.

SIMPSON, Justice.

On the 12th day of July, 1954, the solicitor of the Tenth Judicial Circuit of Alabama presented to the Honorable Robert J. Wheeler, one of the judges of that court, a document alleging *inter alia* that the defendant in the cause of "The State of Alabama v. Silas Coma Garrett III" had been arrested under an indictment charging a misdemeanor, that he had been under observation or treatment as a mental patient, and "that, therefore, it appears that the defendant may enter, as a defense to the indictment herein, a plea of insanity, or a plea that he is insane or of unsound mind." There are prayers to the effect that a "careful investigation" of "the insanity or mental condition, of this defendant" be instituted immediately. Judge Wheeler set July 21, 1954, as a date for a hearing of the "motion" and ordered that the defendant be served with a copy thereof. The defendant, through his attorneys, appeared specially and filed what is termed a motion to quash or strike the "motion or petition" filed by the solicitor. On September 10, 1954, Judge Wheeler entered an order denying the motion to quash, continued the hearing on Solicitor Perry's "motion" to 9:00 a. m. October 1, 1954, and further ordered "that such evidence, testimony, and affidavits may at that time be filed and presented, both for the State of Alabama and the Defendant, as they may be advised, either in support of or against the granting of said motion, to the end that this Court may be advised as to whether or not the Defendant appears to be insane; and, for the said purpose, both the State of Alabama and the Defendant are. hereby authorized and empowered to have issued subpoenas for the compulsory attendance of witnesses for said hearing before this Court."

Defendant Garrett then petitioned this court for a writ of mandamus to have vacated and annulled all of the proceedings in the court below and for a writ of prohibition restraining any further action in regard to an inquiry into the sanity of said Garrett by such proceedings. We granted the rule, 75 So.2d 922 [1], and respondent has answered, so that matter is up for review. The strict legal question is whether or not Judge Wheeler, as Circuit Judge or sitting as a court, had jurisdiction to thus proceed, the defendant being out of jail when the September 10th order was entered.

■ We have referred to the instrument filed by the solicitor as a "document" because there is some disagreement between counsel as to its true import. It seems to be bifurcate in nature, sometimes appearing to be addressed to the court as a part of the criminal case against Garrett which was begun by grand jury indictment, then sometimes it seems to be addressed to the judge as distinguished from the court. The order of Judge Wheeler on September 10th would appear to have been made in the capacity of the court, while later pleading seems to indicate proceedings before the judge. We merely mention this to make clear that whether the procedure was before the court or before the judge, no jurisdiction attached in either case.

Action by Judge Wheeler to hold the lunacy hearing to inquire into the sanity of petitioner Garrett is sought to be sustained under the provisions of § 428, Title 15, Code 1940, which as pertinent reads:

"Inquisition upon alleged insane prisoner; further proceedings.—If any person in confinement, under indict-

ment, or [etc.] * * * appears to be insane, the judge of any court of record of the county where he is confined must institute a careful investigation, call a respectable physician and other credible witnesses, and, if he deems it necessary, may call a jury, and for that purpose he is empowered to compel attendance of witnesses and jurors; and if it be satisfactorily proved that the person is insane, the judge may discharge him from imprisonment and order his safe custody and removal to the Alabama state hospitals, where he must remain until restored to his right mind; and then, if the judge shall have so directed, the superintendent must inform the judge and sheriff, whereupon the person must be remanded to prison, and criminal proceedings be resumed, or he be otherwise discharged."

This statute was considered in the rather early case of Ex parte Trice, 1875, 53 Ala. 546, where, among other things, it was pointed out that a circuit court has no power, statutory or inherent, to inquire into the sanity of a person under indictment.

■■ The holding was also made clear that such a hearing could not be undertaken by a judge, as distinguished from the court, unless the prisoner was then in confinement. We quote briefly from the opinion in the Trice case:

"The statute (R.C. § 1060) authorizes the judge of the circuit court, when any person is in confinement under indictment, or on any other than civil process, and appears to be insane, to institute an inquiry into his sanity, and, if necessary, to call a jury to determine the inquiry. If such person is found insane, the judge may order his discharge from imprisonment, and his removal to the insane asylum, there to remain until restored to sanity.

* * * * * *

"The jurisdiction of the judge is statutory. It did not exist at common law, and is not inherent in his office or court. * * * The statute does not

clothe him with jurisdiction to institute the investigation as to the sanity of every person who may be under indictment, or under arrest on other than civil process, and to order such person removed to the insane asylum. The jurisdiction extends only to those who may be *in confinement*. If they are not *in confinement,* he is as devoid of jurisdiction as he would have been if the statute had never been enacted. * * *" 53 Ala. at pages 547–548.

Some question has been raised in argument here as to whether or not petitioner was in confinement when the document was presented to Judge Wheeler on July 12th. It is, however, conceded that whatever the status of the petitioner at that time, he has ever since been free on bail and was not in confinement on the day set for the hearing of the solicitor's motion or petition and not having been in confinement at that time or subsequent to his enlargement on bail, Judge Wheeler was without jurisdiction to undertake the proceedings, as soundly held in Ex parte Trice, supra.

■ It is argued on behalf of respondent that the statute at the time of the Trice case had no comma between the fifth and sixth words of the first line and that its insertion subsequent thereto indicates a legislative intent to change the law, so that now Trice should not be regarded as apt authority in a case of this kind. Though we cannot agree with counsel for petitioner that in the interpretation of a statute we should ignore punctuation, we think the statute as it now reads is clear to the effect that confinement is still a condition precedent to jurisdiction of the judge. As we view the statute and as seems to have been the import of the Trice decision, it is the product of society's humanitarian attitude toward a person in confinement and if in such condition and the person is mentally sick, its beneficent purpose is to provide machinery whereby he may be transferred to a hospital rather than remain in jail. Thus whenever a person ceases to be in jail the purpose of the statute ceases to exist.

We, of course, keep in mind the general rule that jurisdiction once acquired cannot be defeated by subsequent events, though their character might be such as would have prevented jurisdiction from originally attaching. But in the instant case we are dealing with jurisdiction conferred on a judge by a statute. Its extent and limitations are found within the statute. It is provided that if it is satisfactorily proven that the person is insane, the judge may discharge him from imprisonment and have him placed in a state hospital, and that when such person is restored to sanity he must be remanded to prison. These provisions, coupled with the general purpose of the statute, make it clear that even though a person is in confinement when proceedings are begun under the statute, the judge loses jurisdiction to proceed under the statute if thereafter such person shall have been released from confinement.

So considered, the writs as prayed for will be awarded.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.