215 So.2d 578

John R. AKERS, Jr.

v.

STATE of Alabama ex rel. George WITCHER.

6 Div. 337.

Supreme Court of Alabama.

Nov. 7, 1968.

Witcher & Young, Birmingham, for appellee.

SIMPSON, Justice.

This case was initially assigned to the late, lamented Justice John L. Goodwyn, and recently reassigned to the writer for study and preparation of the opinion.

In the trial court this action was a quo warranto proceeding instituted by George Witcher, a citizen of the City of Gardendale, a municipality of Alabama, located in Jefferson County, against John R. Akers, Jr., to have determined his right to serve as alderman of the City of Gardendale.

The substance of the petition for writ of quo warranto was that Akers was ineligible to hold the office as alderman of the City of Gardendale because he was at the time of his election and continued to be at the time of the filing of the petition, an employee of Southern Bell Telephone and Telegraph Company, a corporation holding

Dumas, O'Neal & Hayes and G. W. Nicholson, Birmingham, for appellant.

a franchise from the City of Gardendale, which involved the use of the streets of that municipality.

■ Quo warranto is the proper procedure to test whether or not a party is eligible to hold public office.—Title 7, § 1136; State ex rel. Chambers v. Bates, 233 Ala. 251, 171 So. 370; State ex rel. Norrell v. Key, 276 Ala. 524, 165 So.2d 76.

The case submitted below on a stipulation was, in part, as follows:

"On June 10, 1964, John R. Akers duly qualified to run for the office of alderman of the City of Gardendale, Ward 4. In a run-off election held September 15, 1964, Akers received a majority vote over his opponent. He was declared duly elected as alderman from Ward 4 for the term beginning October 5, 1964, and ending four years later, by the City Council of the City of Gardendale, which on September 17, 1964, canvassed the returns and declared the results of the election held on September 15, 1964. He was duly installed as alderman on October 5, 1964, and took his oath of office along with other newly elected aldermen and mayor of the City of Gardendale. Since that date, he has been serving as councilman, Ward 4, City of Gardendale.

"John R. Akers is and has been for the past 17 years an employee of Southern Bell Telephone and Telegraph Company."

In addition to the stipulation, the court had before it various exhibits, including ordinances passed by the City of Gardendale. The ordinance granting to Southern Bell Telephone and Telegraph Company the right to "construct, maintain and operate lines of telephone and telegraph, including the necessary poles, conduits, cables, fixtures and electrical conductors upon, along, under and over the public roads, streets and highways of the City of Gardendale, Alabama, as its business may from time to time require, provided that all poles shall be neat and symmetrical", was made an exhibit to the stipulation.

The essential question in this case is whether or not Title 37, § 413 applies to appellant as alderman of the City of Gardendale. This section provides:

"No officer of any municipality shall, during his term of office, be employed, professionally or otherwise, by any corporation holding or operating a franchise granted by the city or the state involving the use of the streets of any municipality."

The single question, then, is whether or not Akers as alderman of the City of Gardendale is an "officer" of that municipality within the meaning of this statute.

■ We think clearly that aldermen of municipalities were included within the meaning of "officers" as used by the legislature in Title 37, § 413. We are, of course, in this instance guided by the principle that statutes should be construed to effect the intention of the legislature.—City of Montgomery v. Montgomery City Lines, Inc., 254 Ala. 652, 49 So.2d 199.

■ Additionally, we should, in construing legislative enactments, look not only to the statute itself but to the purpose and object of the enactment as well, and its relation to other laws.

It is our conclusion that had the legislature intended to exclude aldermen from the definition of officers as that word is used in Title 37, § 413, it would have said so as it did in Title 37, § 409. In the latter statute the language used by the legislature is as follows:

"The salaries of *all officers* of cities *except aldermen* and councilmen, shall be fixed * * *." (Emphasis added).

Here the legislature deemed it necessary to expressly exclude from its use of "officers" aldermen, it being implicit in its so doing that aldermen would have been included in the term "officers" as used in the statute but for the express exclusion.

Likewise in Title 37, § 412, the legislature provided that "officers of any municipality

collecting or receiving moneys of the municipality shall pay such moneys over to the city or town treasurer instanter * * * ". Surely it could not be contended that aldermen were excluded from the operation of this section, on the ground that they were not "officers" as that term is used herein.

In any event, we think State ex rel. Richardson v. Morrow, 276 Ala. 385, 162 So.2d 480 (1964) dispositive of this case. That case construed Title 37, § 413 to the effect that a member of the City of Cordova Water Works and Gas Board was an "officer" of the municipality within the meaning of this section. Judge Harwood, in writing for the court, said:

> "We think that the legislative intent and purpose to be served by Section 413 of Title 37 is clear, and that it was enacted on the basis that employment by a public utility holding a franchise granted by the city involving the use of the streets of the municipality was incompatible with serving as an officer of the municipality at the same time. The real basis of such incompatibility is the possibility of a conflict of interest between the interest of the municipality and the interest of the public utility."

The opinion went on to note that the Water Works and Gas Board of the City of Cordova is a corporation organized to perform its functions as an agency of the city, and should be treated in the same light as would be the city itself with regard to the application of Title 37, § 413. In so holding, and we think correctly, the implication is clear that officers of the city were proscribed by this section, and were the object of the same. In considering the scope of the statute in light of the purposes and objects of enactment, we can but conclude that an elected alderman of a city is an officer of the same within the meaning of Title 37, § 413.

 We agree with the trial court that the rights granted to Southern Bell in this case, by ordinance of the City of Gardendale, was a franchise within the meaning of this statute.

 We likewise agree with the trial court and emphasize that there is nothing in this case to indicate that Mr. Akers has in anywise failed to fulfill his duties as alderman of the City of Gardendale. However, the power to fix qualifications for holding public office is vested in the legislature.— State ex rel. Chambers v. Bates, supra. And as noted in State ex rel. Richardson v. Morrow, supra, " * * * where the law is clear, exceptions cannot be made for individuals or for individual cases. Section 413, supra, is aimed at possibilities, not at possible exceptions."

 It follows, therefore, that since we agree with the trial court that aldermen are officers of municipalities as that term is used in Title 37, § 413, the decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and KOHN, JJ., concur.