280 So.2d 196

**Rory Michael SAWYER**

v.

**STATE.**

**I Div. 371.**

Court of Criminal Appeals of Alabama.

May 15, 1973.

As Modified on Denial of Rehearing
June 29, 1973.

David L. Barnett, and Donald M. Briskman, Mobile, for appellant.

William J. Baxley, Atty. Gen., and George W. Royer, Jr., Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant, also referred to in this opinion as defendant, was convicted of selling marihuana, a controlled substance enumerated in § 204 (Schedule 1)(d), Acts 1971, Act No. 1407, p. 2378, Recompiled Code, 1958, Supplement, Tit. 22, p. 149, § 258(25), in violation of law. The trial court acting without the aid of a jury as provided by law ordered the defendant imprisoned in the penitentiary of Alabama for a term of five years. It does not appear in the record that defendant's attorney was present during the allocution.

It appears from the evidence of Deborah Joyce Blackwell, a minor fourteen years of age, that on Friday, July 14, 1972, at Gulf Shores in Baldwin County she, in the presence of a companion, Fay Burton, was accosted by a disguised narcotics agent for the sheriff, the agent being Ray Jones, who importuned her to buy some marihuana and deliver it to him. Responsive to this request, the witness Deborah Blackwell, accompanied by Miss Burton, first

approached Rex Sawyer, an eighteen year old brother of defendant, who was twenty-three years of age, about selling the marihuana for delivery to the agent. Upon being informed that the price was $15.00 the witness then retraced her steps to see the agent and obtained another $4.00 which the agent said was all the money he had.

Thereupon, both the witness and Miss Burton approached a Vega automobile, under some lights, where defendant and his girl friend, Tena Blackwell, a sister of the witness, were on the back seat; and Rex Sawyer and his wife were on the front seat. The witness, called by the State, testified that she passed the $14.00 into the hands of Rex Sawyer who reached down under the front seat and came up with some marihuana which he delivered to the witness, who in turn took it back to the agent. The witness exonerated defendant from making the sale.

Miss Burton, called by the defendant, supported the testimony of Deborah and exonerated defendant from any complicity in making the sale. She insisted that Rex Sawyer made the sale.

Ray Jones, the disguised agent, called by the prosecution, testified in some areas that contradicted the testimony of Misses Burton and Blackwell. He testified that he followed Deborah and Miss Burton and, while standing unobserved behind an automobile parked parallel three cars away from the Sawyer automobile, in a lighted area, he observed Deborah, Miss Burton, and the occupants of the Vega. He testified, ". . . I saw some shuffling around and I saw this fellow come up with something and pass it on to another boy sitting in the driver's seat, and it was passed by him on to the juvenile girl, which is Debbie Blackwell." The agent further testified that Miss Blackwell passed the money in the car and brought the substance back to him. He stated that defendant was on the back seat of the automobile and Rex was on the front seat.

Rex Sawyer, defendant's brother, testified as a witness for the prosecution. The substance of his testimony was that he was seated in the driver's seat with his wife and his brother Rory and his girl friend, Tena Blackwell, sister of Deborah Blackwell, were on the back seat of the automobile; that Debbie (Deborah) came up with $14.00 which she gave them and which he laid on the console of the automobile; that Rory reached down, got the marihuana, handed it to the witness; and that he then handed it to Deborah who then left.

He further testified that he applied the $14.00 on a debt that Rory owed him. Rex also testified, over defendant's objection, which was without merit, that at his brother Rory's instruction, he brought forty or more bags of marihuana to Gulf Shores from Atlanta, Georgia, there purchased at a cost of $170.00, for which he was to be reimbursed; that the marihuana sold and delivered to Deborah was a part of the forty bags or more of marihuana which he brought from Atlanta; that his brother Rory, in his presence, stashed the remaining forty bags·behind a log in the woods; and that he led the officers to this marihuana.

The evidence further shows that all the marihuana, that which was sold to the agent and that retrieved from behind the log, was delivered to the State Toxicologist, Dr. Grubbs, at Mobile. Dr. Grubbs testified that the contraband was marihuana. The delivery was connected by proper evidence.

The defendant did not testify, nor did he call any witnesses other than Fay Burton.

■ Appellant complains here that the trial court committed reversible error in overruling his objection to the admission in evidence of the forty packages of marihuana retrieved from its stashed position in the woods. Appellant asserts that he was indicted for a specific sale of the contraband and that the stashed marihuana was

irrelevant to the specific sale charged in the indictment and that its admission in evidence was prejudicial to him.

We are not in accord with this contention. As we have already pointed out, the testimony of Rex Sawyer, brother of appellant, shows that he brought the entire batch of marihuana, including the part which was the subject of sale as charged in the indictment, to Gulf Shores at appellant's instruction and they together stashed the contraband in the woods and to which he led the officers.

We think the jury could reasonably infer from the evidence that the marihuana in the woods was in the constructive possession of appellant as well as his brother Rex; also, they could infer that the quantity was brought to Gulf Shores for the purpose of sale and was not intended for the personal use of the two brothers. This inference is strengthened by the proof of sale of the specific amount mentioned in the indictment. The stashed remainder unsold was relevant to the issue of sale charged in the indictment. We think the jury was entitled to consider the stashed contraband along with the evidence of the specific sale. People v. Montgomery, 271 Ill. 580, 111 N.E. 578(4) (1916). The trial court correctly overruled defendant's objection.

■ On cross-examination of the witness Fay Burton, the prosecution, over objection of appellant, was permitted to adduce the following evidence:

"Q. Had the three of you been smoking marijuana?

"MR. BRISKMAN: Object.

"THE COURT: Overrule the objection. You can take an exception.

"MR. BRISKMAN: Except.

"Q.—

"A. That night?

"Q. Any time prior to that time?

"MR. BRISKMAN: Five years ago they might have smoked marijuana.

"THE COURT: I think she could say we used to smoke and we quit. He asked did she smoke marijuana—Don't argue with the witness.

"Q. Is that right?

"A. Yes sir."

Indulgence of the witness in the contraband was a factor for the jury to consider in determining what weight it would give to her testimony in behalf of the indictee. We are unwilling to say that the ruling of the trial court was in error.

■ Appellant here asserts that the Uniform Controlled Substance Act, supra, a section of which the indictment charges appellant with having violated, impinges Section 45 of the Alabama Constitution.

■ Also, appellant contends the Uniform Controlled Substance Act, supra, contravenes Amendments Five and Fourteen of the United States Constitution in that it arbitrarily classifies marihuana with hard narcotic drugs.

Both of these contentions have been decided adversely to appellant. Boswell v. State, 290 Ala. 349, 276 So.2d 592 (1973); Warren v. State, Ala.App.; Powers v. State, 49 Ala.App. 690, 275 So.2d 369 (1973).

We hold that the judgment of conviction should be and it is affirmed. The cause is remanded for proper allocution in the presence of both the defendant and his attorney.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 5,

1945, as amended; his opinion is hereby adopted as that of this Court.

Affirmed. Remanded for proper sentence.

All the Judges concur.

## ON REHEARING

This Court *ex mero motu* in the interest of justice placed this cause back on rehearing docket for reconsideration of the opinion on original deliverance.

On our original deliverance we were misled by the record as to the date of appellant's arraignment and date of trial.

The caption sheet prepared by the court reporter and attached to the transcript of the testimony states that the trial took place on August 18, 1972.

The first sentence in the minutes of the court is preceded by the figures, "8/15/72;" thus indicating that the arraignment in the presence of counsel took place on that date.

The next paragraph of the minutes shows a jury verdict finding the defendant guilty.

The third paragraph of the minute entry shows due and proper allocution but no mention is made that counsel for defendant was present.

In view of the fact that the record shows that counsel for defendant was present at the arraignment and also during the trial, we infer that he was present at allocution which, for aught that appears, took place on the same day without intervening days between said stages.

The original opinion is modified by eliminating therefrom the order of remandment for allocution in the presence of counsel and the application for rehearing is overruled.

Opinion modified. Affirmed.

All the Judges concur.