312 So.2d 399

**William PALMER**

**v.**

**STATE.**

**5 Div. 262.**

Court of Criminal Appeals of Alabama.

March 18, 1975.

Rehearing Denied April 22, 1975.

William J. Baxley, Atty. Gen. and Rosa G. Hamlett, Asst. Atty. Gen., for the State, appellee.

Samford, Torbert, Denson & Horsley, Opelika, for appellant.

TYSON, Judge.

William Palmer was indicted for the unlawful possession of Marihuana, a controlled substance, "after having been previously convicted of possession of Marihuana," contrary to the Alabama Uniform Controlled Substances Act of 1971.[1]

The jury found the appellant guilty as charged in the indictment, but declined to assess a fine, and the trial court then entered judgment, setting sentence at fifteen years imprisonment in the penitentiary.

Sheriff Jim C. Pearson testified that on October 27, 1973, he received information pertaining to a package of a controlled substance being left in a park area off Bowden Drive in Lee County, Alabama. He testified that he and Deputy Sheriff Carrie Tolbert noticed a package, with what appeared to be a green vegetable material, in a cookie bag, partially covered by some pine straw, near a pine tree, in the park. He testified that he and his deputy concealed themselves in some shrubbery, approximately seventy-five feet from the area where the package was, and then waited to see who would pick up the package. He testified that the appellant and a companion walked over to a park bench, seated themselves, and then in a few minutes the appellant walked over near the foot of the tree and picked up the package. At this time Sheriff Pearson and Deputy Sheriff Tolbert emerged from their hiding place behind the bushes and told the two men not to move, that they were officers. The appellant and his companion started running, and Sheriff Pearson stated that he saw the appellant throw an object into a hedge row. He stated that he gave chase, apprehended the appellant, and brought him back to the park bench where Deputy Tolbert held him while he searched the hedge row area. He testified that he retrieved a package from the bushes, where he saw the appellant throw an object, and subsequently turned this in to the Toxicology office. An examination of the material by State Toxicologist Taylor Noggle showed the substance to be Marihuana. Sheriff Pearson's testimony was corroborated by Deputy Tolbert.

After moving to exclude the State's evidence, the appellant, himself, did not testify. He offered the testimony of several character witnesses.

I

The appellant's principal contention on appeal is that the trial court erroneously sentenced the appellant, since, the appellant contends, the provisions of the Alabama Uniform Controlled Substances Act of 1971 were improperly applied. This section is as follows:

"*Section 401.*[2] (Prohibited Acts A— Penalties.)

"(a) Except as authorized by this Act, any person who possesses, sells, furnishes, gives away, obtains, or attempts to obtain by fraud, deceit, misrepresentation, or subterfuge, or by the forgery or alteration of a prescription or written order, or by the concealment of material fact, or by use of false name or giving a false address, controlled substances enumerated in Schedules I, II, III, IV, [and] V is guilty of a felony and upon

1. Title 22, Section 258(25–60), Code of Alabama 1940, as Recompiled 1958, 1973 Cumulative Supplement.

2. § 258(47), Title 22, Code of Alabama 1940, as Recompiled 1958, 1973 Cumulative Supplement.

conviction for first offense may be imprisoned not less than 2 nor more than 15 years and, in addition, may be fined not more than $25,000: except any person who possesses any marihuana for his personal use only is guilty of a misdemeanor and upon conviction for the offense shall be imprisoned in the county jail for not more than one (1) year, and in addition, shall be fined not more than $1,000.00; but the penalties for the subsequent offenses relating to possesion[3] [sic] of marihuana shall be the same as specified in the first sentence of this section 401(a).

"(b) Any person who violates this section with respect to a counterfeit substance enumerated in schedule I through V is guilty of a felony and upon conviction for the first offense may be imprisoned for not less than 2 nor more than 15 years and may be fined not more than $25,000."

The Alabama Supreme Court, in Boswell v. State, 290 Ala. 349, 276 So.2d 592, determined that this act satisfies the constitutional requirement of having a single subject, and, further, that the Legislature could include Marihuana with "hard drugs," and that such was a reasonable classification. *Boswell*, supra; Sawyer v. State, 50 Ala.App. 490, 280 So.2d 196; Kenny v. State, 51 Ala.App. 35, 282 So.2d 387, cert. denied 291 Ala. 786, 282 So.2d 392.

■ The appellant first contends that because there is a colon immediately following the figures "$25,000," the section in question contains two sentences and provides two penalties for the same offense. This court has examined the original enrolled amendment to Senate Bill 414 (Act No. 1407), 1971 Regular Session, and finds that the colon appears outside the quote, "$25,000," and the word "Except," which commences the next clause, is capitalized. It is clear, therefore, that the punctuation shown in the pocket parts of Michie's Edition to our Code is in error, since the colon appears to be directional only, and should not be construed as a part of the act itself.[4] It therefore follows that the sentence in question is but one sentence, which provides an exception as to punishment for persons who possess Marihuana for their personal use only on first conviction.

In Volume 96, Quarterly Reports of the Attorney General, pages 39, 40, we find:

"The several chapters, titles and sections of the 1940 Code are in pari materia, each having a field of operation, and must be so construed. Jenkins v. State, 16 So.2d 314, 245 Ala. 159. Also Jefferson County v. City of Birmingham, 221 Ala. 476, 129 So. 48.

"Judicial interpretation of statutes brought forward in codes without change become part of statutes by legislative adoption. Hurt v. Knox, 126 So. 110, 220 Ala. 448." See also Johnson v. State, 222 Ala. 90, 130 So. 777."

Moreover, as noted by Mr. Justice Simpson, in Akers v. State ex rel. Witcher, 283 Ala. 248, 215 So.2d 578:

". . . [W]e should, in construing legislative enactments, look not only to the statute itself but to the purpose and object of the enactment as well, and its relation to other laws."

Moreover, Mr. Justice Harwood, then Judge Harwood of the former Court of

---

3. "Possession", as shown in the original enrolled amendment to Senate Bill 414, Act No. 1407, 1971 Regular Session, is correctly spelled.

4. See Cook v. State, 110 Ala. 40, 20 So. 360. The words "following sentence," in the directions set out in the enrolled amendment,

in my judgment, are directional only and should not govern the structure of the sentence in question. I am of the opinion that the directions were intended to read: "following words," thus to be one sentence with several phrases, and a clause at the conclusion of the sentence in question, as shown by the amendment here under consideration.

Appeals, in McDonald v. State, 32 Ala. App. 606, 28 So.2d 805, stated:

"It is basic that criminal and penal statutes are to be strictly construed. Grantland v. State, 8 Ala.App. 319, 62 So. 470; Jacobs v. State, 17 Ala.App. 396, 85 So. 837; Knowles v. State, 19 Ala.App. 476, 98 So. 207. However, even penal laws are not to be construed so strictly as to defeat the obvious intent of the legislature. Walton v. State, 62 Ala. 197; Preist v. State, 5 Ala.App. 171, 59 So. 318. A literal interpretation which would defeat the purpose of a statute will not be adopted, if any other reasonable construction can be given to it— Thompson v. State, 20 Ala. 54—and the meaning of the legislature may be extended beyond the precise words used if such was the intent of the legislature. Graham v. City of Mobile, 17 Ala.App. 19, 81 So. 355."

The clear intention of the Legislature of Alabama, in creating the exception hereinabove noted in Section 258(47), was to provide a lesser punishment for persons found in possession of Marihuana for their personal use on first offense. The second clause of this section points out that for subsequent offenses relating to the possession of Marihuana, the punishment shall be as specified in the first sentence of this section. The trial court in this cause so understood and determined, and we are of the opinion that this interpretation is correct. Cases herein cited.

The appellant next argues that Title 22, Section 258(53), Code of Alabama 1940, as amended 1971, creates a lesser punishment, and that the appellant here should get the benefit of the punishment as set forth in this section.

■ We do not agree, as it is our judgment that this section is permissive as it uses the word "may" in specifying punishment, and, secondly, that this section is general in nature and relates to narcotic drugs, Marihuana, depressant, stimulant, or hallucinogenic drugs. Clearly, the intent of the Legislature was that this section be applicable to all drug offenses other than possession of Marihuana, and we do so hold and determine. We believe this to be the intent of the Legislature of Alabama in enacting the sections in question. Cases herein cited.

II

■ In proving the prior offense with reference to the appellant in the case at bar (R. pp. 59–60), the trial court committed reversible error. It permitted the circuit clerk to read the purported trial docket sheet of an order entered on July 13, 1973, of the circuit judge. In Childers v. Holmes, 207 Ala. 382, 92 So. 615, we find:

". . . The defendants' objection raised the question. They objected 'because it was not the proper manner to prove a conviction.' The proper manner was not by this witness, but by a certified copy of the record showing it, or by the oral testimony of the person convicted. The court erred in overruling that objection to the question. Sections 4008, 4009, Code 1907; Thompson v. State, 100 Ala. 70, 14 South. 878; Murphy v. State, 108 Ala. 10, 18 South. 557; rule 33 (circuit court) p. 1527, 2 Code 1907."

In Murphy v. State, 108 Ala. 10, 18 So. 557, we find the rule stated thusly:

"A defendant who avails himself of the right to testify in his own behalf may be cross-examined generally, and be compelled to disclose all facts within his knowledge which could be elicited if he was merely a witness, and not a defendant, material to the issue, and is subject to all legal questions which may affect his credibility. It is competent to show, for the purpose of affecting his credibility, that a witness has been convicted of a felony (and a defendant who has been examined is subject to this rule); but the court record of his conviction, or a properly certified copy thereof, is the

primary evidence to establish the fact. It cannot be proven by parol evidence in the first instance. Thompson v. State, 100 Ala. 70, 14 So. 878; Thomas v. State, 100 Ala. 53, 14 So. 621."

Thus, it is clear here that allowing the circuit clerk to read the purported trial docket sheet as proof of the appellant's prior conviction of the possession of Marihuana, was prejudicial error. Wright v. State, 38 Ala.App. 64, 79 So.2d 66, cert. denied 262 Ala. 420, 79 So.2d 74; Patton v. State, 39 Ala.App. 308, 98 So.2d 621, and authorities therein cited.

■ The trial docket is not a record, and the memoranda (the judge's bench notes entered thereon by the judge) operated only as a directive to the clerk as to what judgments and orders should be entered on the court's records. Winn et al. v. McCraney et al., 156 Ala. 630, 46 So. 854; Calvert v. State, 26 Ala.App. 189, 155 So. 389.

While in Ellis v. State, 244 Ala. 79, 11 So.2d 861, the use of a trial docket was said to be merely cumulative since the witness had admitted the prior offense, and such was deemed not to be prejudicial error, such cannot be said of the case at bar. Here, the trial docket sheet, and the circuit clerk's testimony were offered as part of the State's case in chief to show the prior conviction. As noted by the authorities above, such was erroneous. See Title 7, Section 393, Code of Alabama 1940.

We pretermit consideration of other assignments of error as they are not likely to occur again on retrial of this cause. for the error shown, the judgment of conviction is due to be reversed, and the cause is hereby remanded.

Reversed and remanded.

Part I

HARRIS, J., concurs.

CATES, P. J., and DeCARLO and BOOKOUT, JJ., concur as per opinion.

Part II

All the Judges concur.

CATES, Presiding Judge (concurring).

Professor Sands, in Sutherland's Statutory Construction (4th ed.) § 47.15, points out that today punctuation is a part of an act, an intrinsic aid to its construction. However, the use of punctuation as a cudgel is not permissible to "distort or defeat the intention of the legislature."

The Alabama cases range from Danzey v. State, 68 Ala. 296; Cook v. State, 110 Ala. 40, 20 So. 360; Ex parte Garrett, 262 Ala. 25, 76 So.2d 681, through Earnest v. State, 40 Ala.App. 344, 113 So.2d 517. They seem to run the gamut from Mr. Justice Harlan's expression that punctuation is disregarded—Hammock v. Loan and Trust Co., 105 U.S. 77 at 84, 26 L.Ed. 1111 to Learned Hand's. "* * * [T]he English doctrine that the punctuation of a statute shall not count does not apply in this country."—Lone Pine Lawn Corp. v. Helvering, 2 Cir., 121 F.2d 935.

*Danzey,* supra, adopts the former view because, among other things, legislative procedure is based on hearing statutes read,[1] i. e., the ear is the apprehending organ, not the eye. *Garrett,* supra, says a significant comma may not be disregarded.

■ I consider that a statute must be taken from its four corners with punctuation as an aid to fulfillment of the Law and not as its destroyer.

1. Today we consider that the written draft is paramount. The legislative committees on enrolled bills should be accorded credit.

"\* \* \* Punctuation marks may, in proper cases, be regarded as aids in arriving at the correct meaning of statements in a statute, but in construing statutes, punctuation cannot be accorded a controlling influence. Courts do not hesitate to repunctuate, when it is necessary to arrive at the true meaning.—2 Bouv.Law Dict. 487, Tit., 'Punctuation,' and authorities cited; Danzey v. State, 68 Ala. 296. It is evident from reading the whole statute, that a semicolon was improperly used, and that a mere comma after the words 'to sell' would have been the proper punctuation. When thus read, it is evident the grounds of demurrer directed against this portion of the statute were properly overruled." *Cook, supra.*

■ With reference to § 401(a) of the Alabama Uniform Controlled Substances Act, my examination of the legislative documents persuades me that subsection (a) consists of two sentences with the first ending with "$25,000," [2] and the second beginning with "Except \* \* \*." I agree with Judge Tyson that the colon was part of the legislative author's direction to show the start of the amending language.

However, I do not think we can ignore the instruction of the legislative amendment which describes the added exception as a *sentence*.

The import of this construction does not help the appellant in his contention that a second or subsequent conviction of possession of marihuana—though each time only for personal use—is only a misdemeanor. To me it is clear that the Legislature as to subsequent convictions of possession of marihuana intended: (1) to remove the misdemeanor penalty even if the subsequent possession was for personal use only and (2) that all second or subsequent convictions of marihuana possession would under the first sentence of § 401(a) carry a sentence not less than two years nor more than fifteen years.

■ This would mean that § 407 would not apply to marihuana *possession* cases, though it would to selling.

DeCARLO and BOOKOUT, JJ., concur herein.

ON REHEARING

TYSON, Judge.

I

For clarity, each of the Judges of this Court concurs in the following observa-

---

2. Fowler, Modern English Usage (1940) Revision) under Stops, p. 569 says under the heading Colon:
"As long as the Prayer-Book version of the Psalms continues to be read, the colon is not likely to pass quite out of use as a stop, chiefly as one preferred by individuals, or in impressive contexts, to the semi-colon; but the time when it was second member of the hierarchy, full stop, colon, semi-colon, comma, is past; in general usage, it is not now a stop of a certain power available in any situation demanding such power, but has acquired a special function, that of delivering the goods that have been invoiced in the preceding words; it is a substitute for such verbal harbingers as *viz. scil. that is to say, i. e., &c.*"
Kittredge and Farley, Advanced English Grammar, p. 309 says:
"1. The colon is used—
a. To show that the second of two clauses repeats the substance of the first in another form, or defines the first as an appositive defines a noun.
\* \* \* \* \*
"Note: The colon is less used than formerly. The tendency is to use a semicolon or to begin a new sentence.
"2. The semicolon is used when the clauses are of the same general nature and contribute to the same general effect, especially if one or more of them contain commas. \* \* \*
\* \* \* \* \*
"3. The comma may be used when the clauses are short and simple (see p. 307).
"Note: The choice between colon, semicolon, and comma is determined in many cases by the writer's feeling of the closer or the looser connection of the ideas expressed by the several clauses, and is to some extent a matter of taste."

tions with reference Section 401(a) and (b), of Act No. 1407, Acts of Alabama 1971, Regular Session:

 1. That the colon appears outside the numerals "$25,000" in the amendment, in Section 401(a), and therefore such colon is not to be considered as a part of the Act in question.

 2. That Section 401(a) and (b) of said Act (Title 22, Section 258(47), Code of Alabama 1940, as amended 1971), is controlling as to the possession of marihuana for personal use on first offense, and also for punishment for subsequent offenses relating to the *possession of marihuana.*

3. That Section 407(a) and (b), of Act No. 1407, Acts of Alabama 1971, Regular Session (Title 22, Section 258(53), Code of Alabama 1940, as amended, 1971), is controlling as to punishment for other types of narcotic drugs and drug offenses relating to marihuana other than possession of same.

## II

As noted on original deliverance, the trial court allowed the circuit clerk to read the trial judge's bench notes, entered on a trial docket sheet, as proof of purported prior conviction of the appellant in this cause. The docket sheet, as read, was also admitted in evidence. We held the foregoing to be prejudicial error necessitating a reversal of this cause.

The State of Alabama now cites to this Court the case of Donahay v. State, 287 Ala. 716, 255 So.2d 599, and further states that there was here not a proper objection made at trial to the offer of proof, so that the matter, it is argued, is not properly before this Court on appeal.

 We do not agree with this argument as it overlooks those cases such as McClellan v. State, 117 Ala. 140, 23 So. 653; Harrison v. Baker, 260 Ala. 488, 71 So.2d 284; Loyd v. State, 279 Ala. 447,

186 So.2d 731; Paul v. State, 47 Ala.App. 115, 251 So.2d 246, cert. denied 287 Ala. 739, 251 So.2d 248; and Rule 33, Circuit and Inferior Court Rules of Practice, Title 7, Code of Alabama 1940, which provide that such general objection is sufficient to preserve for review matters which are illegal and irrelevant on their face.

 Moreover, as noted on original deliverance, proper proof of the purported prior offense is a vital and material element of the indictment in this cause. Authorities cited on original deliverance, and Harris v. State, 54 Ala.App. 10, 304 So.2d 252.

Such proof cannot be made by the circuit clerk's testimony, and the trial docket sheet containing the trial judge's bench notes, as such, are merely directions to the clerk as to what judgments and orders should be entered on the court's records. Authorities cited on original deliverance.

Further, there was no admission or concession by counsel for the appellant, as to this point, as is argued by the State.

Opinion extended, application overruled.

All the Judges concur.