L. CHARLES WRIGHT, Retired Appellate Judge.
On July 3, 1990 the City of Guntersville, Alabama filed a petition in the Probate Court of Marshall County alleging the insanity of Dion Havis. The petition was filed pursuant to the general insanity commitment statute found at § 22-52-1, Code 1975. Havis had been charged with several misdemeanor offenses and was being held by the City awaiting trial on those charges.
On July 5, 1990 the City instituted proceedings in the Circuit Court of Marshall County to have Havis committed due to his behavior while in confinement. The petition was filed pursuant to § 15-16-20, Code 1975. Following a hearing on the evidence, the circuit court found Havis to be insane and in need of immediate psychiatric help. The court ordered the immediate commitment of Havis to a state mental institution. Havis appeals.
Due to the insufficient record before us, we are uncertain as to what transpired in the probate court concerning the dismissal of the action. We assume, however, for purposes of this appeal that the probate court yielded its questionable jurisdictional authority to the circuit court.
Havis asserts that the circuit court did not have the jurisdiction to question his sanity. He contends that § 15-16-20 applies only to those persons charged with felonies who are being confined, under indictment, in the county jail or other appropriate state facilities. He suggests that the proper authority under which his sanity should have been determined was the general commitment provision of § 22-52-1. Section 15-16-20 provides the following:
“If any person other than a minor in confinement under indictment, for want of bail for good behavior, for keeping the peace or appearing as a witness, in consequence of any summary conviction appears to be insane, the judge of the circuit court of the county where he is confined must institute a careful investigation, call a respectable physician and call other credible witnesses; and, if he deems it necessary, he may call a jury, for which purposes he is empowered to compel attendance of witnesses and jurors. If it is satisfactorily proved that the person is insane, the judge may discharge him from imprisonment and order his safe custody and removal to the Alabama state hospitals, where he must remain until restored to his right mind, and then, if the judge shall have so directed, the superintendent must inform the judge and sheriff, whereupon the person must be remanded to jáil and criminal proceedings be resumed, or he must be otherwise discharged.”
Section 22-52-1, the general commitment statute, is used when a person not in confinement is sought to be determined insane and committed to a state facility for treatment. Section 22-52-31 establishes procedures for the civil commitment of persons accused of crimes who have been committed to the custody of the Department of Mental Health pursuant to § 15-16-20, -21, or -22.
Section 15-16-20 pertains to the commitment of an individual if he is in confinement for one of the reasons stated. Ex parte Garrett, 262 Ala. 25, 76 So.2d 681 (1954). One does not have to be confined “under indictment” for purposes of this provision. “Under indictment” is only one of the reasons listed for being in confinement. See Attorney General’s Opinion to Honorable Frank H. Riddick, Judge of Probate, Madison County, Alabama, under date of September 25, 1989. Furthermore, § 15-16-20 is not limited to those individuals confined in a county jail. It also includes those individuals “in the actual custody of officers of the law.” Ex parte State ex rel. Patterson, 268 Ala. 524, 108 So.2d 448 (1958).
Havis was in confinement in the Gunters-ville city jail awaiting trial on several misdemeanor offenses. Under the facts of this case the commitment proceedings were properly instituted under § 15-16-20 and not under the general commitment provisions. This ease is affirmed.
*949 The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.