28 So.2d 805

### McDONALD v. STATE.

### 6 Div. 369.

Court of Appeals of Alabama.

Jan. 7, 1947.

Rehearing Denied Jan. 21, 1947.

---

Edw. N. Hamill and Wm. Conway, both of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

Gibson & Hewitt, of Birmingham, for Jefferson County Plumbing & Heating Dealers Ass'n, amicus curiae.

HARWOOD, Judge.

The defendant below (appellant here) was convicted in the Jefferson County Court of Misdemeanors for the offense of engaging in plumbing without first procuring a license, in violation of Section 119, Title 62, Code of Alabama, 1940.

He appealed to the Circuit Court of Jefferson County, and was again, by the court trying the case without a jury, found guilty.

In the circuit court the case was submitted on an agreed statement of facts as follows:

"That there is and was during the month of August, 1946, a dwelling house described as No. 3804, Montevallo Road, in the City or town of Mountain Brook, in Jefferson County, Alabama; that there was during the whole of the month of August, 1946, situated in a public alley near said dwelling house above referred to a sewer main belonging to the City of Mountain Brook; that on August 10th, 1946, the defendant, R. L. McDonald, constructed a waste pipe to carry domestic sewage from a point six feet from the outside wall of said dwelling house to a waste pipe running from the said dwelling house to said point six feet from the outside wall of said dwelling house; and further connected said waste pipe to the sewer main in the alley. In other words, the defendant constructed a waste pipe running from a point six feet from the outside wall of said dwelling

house to the sewer main in the alley, and connected the waste pipe so constructed by the defendant to the waste pipe running from said dwelling house at a point six feet from the outside wall therefrom at one end and connected the waste pipe constructed by the defendant to the sewer main in the alley at the other end.

"The defendant contracted to construct and connect said waste pipe with J. W. Wilson, owner of said dwelling house, and the defendant actually did the work of constructing and connecting said waste pipe. The total length of the waste pipe constructed by the defendant was ninety feet, with eighty-two feet of the pipe running across land which J. W. Wilson owned to the edge of the alley, and the remaining eight feet of the pipe ran into and across the alley to the point of connection with the sewer main.

"The waste pipe constructed and connected by the defendant was not done by him as agent for, or otherwise in behalf of any public utility or municipality.

"The defendant has never acquired a license as master plumber or as journeyman plumber, of the kind that is required of a master plumber or journeyman plumber by the provisions of sub-division 2, or article 17 (Sections 116 to 128, inclusive) of Title 62 of the 1940 Code of Alabama."

The sole issue in this case is whether the acts of the appellant constituted "plumbing" as defined in Section 119, Title 62, supra, applicable only to Jefferson, Mobile, and Montgomery Counties, and which Section in part reads:

"The word 'plumbing' within the meaning and for the purpose of this subdivision shall be held to mean and include: All piping, fixtures, appliances and appurtenances in connection with the drainage, ventilation of the same or water supply system within a building, residence or structure to a point from three to five feet outside of the same. The *construction and connection of any drain or waste pipe carrying domestic sewerage from a point within three feet to five feet of the outside walls of any building, residence or structure with the sewer service or other disposal terminal, and the alteration of any such system drain or waste pipe, except the construction of sewer mains and branches by public utilities or municipalities where the responsibility is their's or assumed by them. * * *"* (Italics ours).

Only the italicized portion of the above act is applicable to the facts of this case. The appellant contends that since the connection made by him to the house sewerage line was six feet from the house, and not within three to five feet, as specified in the act, the act is not applicable to him.

As it appears in the original act (see General Acts, Alabama, 1935, p. 998) that portion of the above section set out above, and which is not underlined, was set out as paragraph (a), while the underlined section was set out as paragraph (b). Hereinafter, for convenience we will refer to the underlined portion above set out as paragraph (b) of the section.

We think it obvious from a reading of the above section that it was the intent of the legislature in attempting to define "plumbing" in the above section to cover what we will for convenience call "house" plumbing, that is plumbing in a building, and "outside" plumbing, or that plumbing out of a building connecting with the main disposal line. It is common knowlege that different types of construction, pipes, and materials are used in these separate types of plumbing. Undoubtedly the legislature attempted to define outside plumbing in paragraph (b).

The constitutionality of the above act has been upheld as the exercise of police power in the interest of public health. State ex rel. Shirley v. Lutz, 226 Ala. 497, 147 So. 429.

It is basic that criminal and penal statutes are to be strictly construed. Grantland v. State, 8 Ala.App. 319, 62 So. 470; Jacobs v. State, 17 Ala.App. 396, 85 So. 837; Knowles v. State, 19 Ala.App. 476, 98 So. 207. However, even penal laws are not to be construed so strictly as to defeat the obvious intent of the legislature. Walton v. State, 62 Ala. 197; Preist v. State, 5 Ala. App. 171, 59 So. 318. A literal interpretation which would defeat the purpose of a statute will not be adopted, if any other reasonable construction can be given to it—

Thompson v. State, 20 Ala. 54—and the meaning of the legislature may be extended beyond the precise words used if such was the intent of the legislature. Graham v. City of Mobile, 17 Ala.App. 19, 81 So. 355.

If the appellant's argument be sound that because the work he did began six feet from the house, instead of from three to five feet as set out in paragraph (b), then any person could, by beginning his plumbing work a fraction of an inch beyond the five foot distance render entirely null and inoperative the said paragraph whose obvious purpose is to regulate the installation of outside plumbing. It is common knowledge that improperly installed or defective sewers in an urban area are a menace to health whether within three to five feet of a building or at any other point further distant. We will not presume that it was the intent of the legislature to permit a person by an arbitrary selection of a starting point to render meaningless its effort toward regulating work essential to public health. A legislature will not be presumed to use language without any meaning or application, Standard Oil Co. of Kentucky v. State, 218 Ala. 243, 118 So. 281, nor do we think it permissible to presume that the legislature intended that language used by it could be rendered meaningless and inoperative by a capricious act of an individual.

In determining whether a provision in a statute is directory or mandatory, the prime object is to ascertain the legislative intention disclosed by the statute in relation to the subject dealt with and the purpose to be accomplished. Generally those provisions which do not relate to the essence of the thing to be done, and as to which compliance is a matter of convenience rather than substance, are directory, while those which relate to the essence of the thing to be done are substantive, and mandatory. Board of Education of Jefferson County et al. v. State ex rel. Kuchins, 222 Ala. 70, 131 So. 239; Ex parte State ex rel. King, 233 Ala. 318, 171 So. 892.

The purpose of the statute now under consideration is to regulate the construction, installation, and alteration of plumbing in urban and thickly populated areas, and to provide that only competent persons qualified to do such work engage therein. The broad purpose of the act to preserve and insure healthful conditions in such areas is obvious. It is true that the legislature saw fit to divide plumbing into two catagories, "inside" plumbing and "outside" plumbing in defining the word in the act. For this purpose the distance of three to five feet from a building was set out as the dividing line between the two types. We see no magic in the selection of such point of division; it in no way contributes to or effects the purpose sought to be accomplished. In our opinion it was merely a point selected as being convenient in most cases as a dividing point between the two types of plumbing. We do not see how it could in any way be considered as an essential provision, nor in any other character than directory.

Affirmed.