SEE, Justice.
The Children’s Hospital of Alabama; The University of Alabama Health Services Foundation, P.C.; Dr. Patricia Aronin; Dr. Michael Rauzzino; and Dr. Alan F. Jacks (collectively, the “Health Care Defendants”) petition this Court for writs of mandamus directing the Circuit Court of Walker County *186 to grant their motions to transfer the medical malpractice claims filed against them to the Circuit Court of Jefferson County, which would require the severance of those claims from the non-medical malpractice claims remaining in the Circuit Court of Walker County. The Health Care Defendants maintain that under Ala.Code 1975, § 6-5-546, Jefferson County is the only appropriate venue for the malpractice claims because all of the alleged acts of malpractice occurred in Jefferson County. We grant the petitions.
I.
In October 1992, Curt Howell, a minor, was severely injured when he was struck by an automobile while riding his bicycle near his home in Walker County. Howell was initially treated at Walker Regional Medical Center. He was then transferred to Children’s Hospital in Jefferson County. The Health Care Defendants treated Howell in Jefferson County.
In 1992, Howell, acting through his parents, filed his initial complaint against the owner of the automobile and against several other defendants who were not health care providers. In May 1993, Howell filed his first amendment to the complaint, adding several medical malpractice claims and adding several health care providers as defendants. This first amendment to the complaint, among other things, listed fictitious defendants who he alleged had negligently failed to “provide a detailed, complete and reliable history of the ... treatment which had been rendered at Walker Regional Medical Center.” In June 1993, Children’s Hospital moved to transfer the claims to Jefferson County. The trial court denied the motion.
The parties conducted extended discovery spanning approximately four years. As discovery progressed, Howell filed additional amendments to his original complaint, adding new claims and new named and fictitious defendants. Each amendment continued to assert the claims made in the prior amendments, including the claims involving Walker Regional Medical Center. However, Howell listed only fictitious health care providers as defendants responsible for the alleged negligence at Walker Regional Medical Center.
On May 22, 1997, Howell filed his fifth and final amendment to the complaint. The amendment reiterated the claims made in the prior amendments, again listing only fictitious health care providers as defendants responsible for the alleged negligence at Walker Regional Medical Center. On September 9, the trial court accepted the final amendment. On September 16, Children’s Hospital moved, pursuant to Ala.Code 1975, § 6-5-546, to transfer the claims to Jefferson County. The other Health Care Defendants made similar motions.
On October 1, 1997, the trial court held a hearing regarding the motions to transfer. At the hearing, Howell’s attorney stated that Howell would name no Walker County health care providers as defendants. On October 8, the trial court issued an order denying as untimely the Health Care Defendants’ motions to transfer. The Health Care Defendants petition this Court to direct the Walker Circuit Court to transfer the medical malpractice claims to Jefferson County.
II.
A petition for the writ of mandamus is the proper procedure for challenging a trial court’s refusal to transfer an action based on improper venue. Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala.1994). A writ of mandamus is appropriate when the petitioner makes a clear showing of error on the part of the trial court. Id. The Health Care Defendants argue that venue is proper in Jefferson County as to the medical liability claims against them and that they made a timely objection, under § 6-5-546, to venue in Walker County. Howell argues that although venue may have been proper in Jefferson County under the special venue provision of § 6-5-546, the Health Care Defendants did not timely object to venue in Walker County.

A. General Rules of Venue

Before 1987, medical liability actions were governed by the general rules of venue found in the Code of Alabama 1975. See, e.g., Ala.Code 1975, § 6-3-2(a)(3) (providing for venue in the county where an individual *187 defendant resides); § 6-3-6 (providing for venue in a county where a defendant unincorporated organization or association does business or has a branch or local organization); § 6-3-7 (providing for venue in the county where the personal injury occurred or where the domestic corporation defendant does business); Ex parte Terrell, 503 So.2d 847, 848 (Ala.1987) (stating that venue for a medical malpractice action against a corporate defendant was properly determined under § 6-3-7). Where, because of the joinder of several claims or parties, statutes make venue proper in more than one county, Rule 82(c), Ala. R. Civ. P., provides that venue will be proper “in any county in which any one of the claims could properly have been brought.”[1]
With respect to the timing of challenges to venue in medical liability actions prior to 1987, Ala.Code 1975, § 6-3-21 provided the general rule that “[a] defendant in a civil action may move for a transfer of venue as provided in the Alabama Rules of Civil Pro-eedure.” Rule 12(h)(1) provides the general timing rule applicable to a defendant’s challenge of venue by a motion or responsive pleading.[2] Rule 82(d)(2)(C)(i) provides the general timing rule for multiple-party actions, requiring a defendant to challenge venue within 30 days of the dismissal of the party that had made venue proper in the forum.[3] If the defendant did not strictly adhere to the timing requirements, his challenge to venue was waived. Rules 12(h)(1), 82(d)(2)(C)(iii), Ala. R. Civ. P.
Thus, in drafting a new statute with respect to a particular cause of action, the Legislature can either default to the general venue statutes, by not mentioning venue, or it can make special statutory provisions for venue for that particular cause of action. Similarly, with respect to challenges to venue, the Legislature can leave the timing of such challenges to the general provisions of the rules, by not mentioning a timing requirement for challenging venue; this is what it did in §§ 6-3-2, 6-3-6, and 6-3-7.[4] *188 Alternatively, it could make special provisions for the timing of challenges to venue, by specifically addressing such timing in the statute, as it did in § 6-3-20.[5]

B. Venue Rules under the Medical Liability Act of 1987

In 1987, the Legislature enacted the Alabama Medical Liability Act of 1987 (the “1987 Act”). Acts 1987, No. 87-189, p. 261 (codified at Ala.Code 1975, §§ 6-5-540 to -552). The 1987 Act was designed to control “the spiraling costs ... of essential medical services caused by the threat of [medical liability] litigation.” Ala.Code 1975, § 6-5-540. Evidently unsatisfied with the application of the general venue statutes to medical liability actions, the Legislature chose not to default to §§ 6-3-2, 6-3-6, and 6-3-7 by remaining silent. Instead, it expressly provided a special medical liability venue statute in the 1987 Act. See City of Birmingham v. Hendrix, 257 Ala. 300, 307, 58 So.2d 626, 633 (1952) (stating that in attempting to discern the legislative intent of a statute, it is permissible to look to the law as it existed before the statute was enacted). Section 6-5-546 provides in pertinent part:
“In any action for injury or damages or wrongful death whether in contract or in tort against a health care provider based on a breach of the standard of care, the action must be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred. If plaintiff alleges that plaintiffs injuries or plaintiffs decedent’s death resulted from acts or omissions which took place in more than one county within the State of Alabama, the action must be brought in the county wherein the plaintiff resided at the time of the act or omission, if the action is one for personal injuries, or wherein the plaintiffs decedent resided at the time of the act or omission if the action is one for wrongful death.... For the convenience of parties and witnesses, in the interest of justice, a court may transfer any action to any other county where it might have been brought hereunder and/or may order a separate trial as to any claim or party.”
(Emphasis added.) Under § 6-5-546, if the acts or omissions giving rise to medical liability occurred in one county, an action based on those acts or omissions “must” be brought in that county. If the acts or omissions giving rise to medical liability occurred in more than one county, however, then an action based on those acts or omissions “must” be brought in the county where the plaintiff resided at the time of the acts or omissions.
In Ex parte Kennedy, 656 So.2d 365 (Ala.1995), this Court dealt with an action that involved both a workers’ compensation claim and medical liability claims. These claims respectively made venue proper in Walker County and in Jefferson County. Under the general provision of Rule 82(c), Ala. R. Civ. P., if venue was proper as to any claim or defendant, then it was proper as to all claims or defendants. This Court rejected a construction of § 6-5-546 that would have made that statute subject to Rule 82(c), holding instead that § 6-5-546 required that a medical liability action “must” be brought in the county where the act or omission took place. Concluding that the statute and the rule were in conflict, this Court held that § 6-5-546 took precedence over the rule. Kenne *189 dy, 656 So.2d at 367-68. This Court further held that the medical malpractice claims had to be severed from the workers’ compensation claims and transferred to Jefferson County. Id. at 368-69.
In the ease now before us, if Howell had named a defendant health care provider responsible for the negligence alleged to have occurred at Walker Regional Medical Center, then, under § 6-5-546, the presence of both Walker County defendants and the Jefferson County Health Care Defendants would have placed venue in Walker County, where Howell resided. See § 6-5-546 (stating that where “acts or omissions ... took place in more than one county within the State of Alabama, the action must be brought in the county wherein the plaintiff resided”). When Howell’s counsel conceded that Howell would name no health care defendants regarding acts or omissions alleged to have occurred in Walker County, § 6-5-546 required that the health care claims “must” be transferred to Jefferson County, upon motion of any defendant. All of the Health Care Defendants moved to transfer the claims to Jefferson County. Howell contends that their motions were untimely under the general timing provisions of Rule 12(h)(1) and Rule 82(d)(2)(C)(i). Based on the plain language of the timing sentence of § 6-5-546, we disagree.[6]
The 1987 Act also addressed the timing of venue challenges. Evidently unsatisfied with the application of the general timing provisions of the rules to medical liability actions, the Legislature chose not to default to Rule 12(h)(1) or Rule 82(d)(2)(C)(i) by remaining silent. Instead, it expressly provided a special timing sentence in § 6-5-546. See Hendrix, 251 Ala. at 307, 58 So.2d at 633. The special timing sentence in § 6-5-546 reads:
“If at any time prior to the commencement of the trial of the action it is shown that the plaintiffs injuries or plaintiffs decedent’s death did not result from acts or omissions which took place in more than one county, on motion of any defendant the court shall transfer the action to such county wherein the alleged acts or omissions actually occurred.”
(Emphasis added.) The plain meaning of these words is that if “at any time prior to the commencement of the trial,” any party “show[s]” that venue is improper under § 6-5-546, a single defendant may then make a “motion” to transfer the malpractice claims, and the trial court “shall” grant that motion. See City of Montgomery v. Water Works & Sanitary Sewer Bd., 660 So.2d 588, 592 (Ala.1995) (requiring that words used in a statute be given their natural, plain, ordinary, and commonly understood meaning); Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n, 589 So.2d 687, 689 (Ala.1991) (stating that where plain language is used, a court is bound to interpret the language to mean exactly what it says). By providing that both the showing of improper venue and the motion to transfer could be made “at any time prior to the commencement of the trial,” the Legislature showed a clear intent to assure that the new venue benefit conferred on health care defendants would not be vitiated by the strict timing provisions of Rule 12(h)(1) and Rule 82(d)(2)(C)(i).
Despite the plain language of the sentence in § 6-5-546 specifically addressing the timing of venue challenges in medical liability actions, Howell argues that the timing provisions of Rule 12(h)(1) or of Rule 82(d)(2)(C)(i) control whether the Health Care Defendants waived their right to challenge venue.[7] Specifically, Howell argues *190 that although § 6-5-546 may conflict with Rule 82(c), as this Court held in Kennedy, supra, the statute’s timing provisions do not conflict with Rule 82(d). This attempt to retain the action in Walker County by avoiding a conflict between the rules and the timing sentence of § 6-5-546 fails because it neither avoids conflict nor allows the key phrase of the statutory sentence — “at any time prior to the commencement of the trial” — a meaningful field of operation.
First, it could be argued that a conflict between the rule and § 6-5-546 could be avoided by construing the statutory phrase “at any time prior to the commencement of the trial” to modify only the phrase “it is shown,” and not the phrase “on motion of any defendant.” Under such a construction, motions to transfer under § 6-5-546, if not showings of improper venue, could still be subject to the rules. Such a construction, however, does not avoid a conflict. Rule 82(d)(2)(C)(i) expressly allows a showing of improper venue to be made even after “the trial of the action has commenced.”[8] To the contrary, the timing sentence of § 6-5-546 expressly requires that any showing of improper venue be made “at any time prior to the commencement of the trial.” (Emphasis added.) Under the rule, a post-commencement showing of venue is allowed; under the statute, it is not. Moreover, Rule 82(d)(2)(A) provides that “the court, on motion of less than all remaining defendants, in its discretion, may ... transfer.” (Emphasis added.) To the contrary, the timing sentence of § 6-5-546 provides that “on motion of any defendant the court shall transfer.” (Emphasis added.) Under the rule, fewer than all of the remaining defendants do not have the power to require a transfer; under the statute, they do. Thus, even if the key phrase of the timing sentence of § 6-5-546 — “at any time prior to the commencement of the trial” — is artificially construed to modify only the “showing” and not the “motion,” the statute still conflicts with the rule.[9]
Second, if the key phrase of the timing sentence of § 6-5-546 — “at any time prior to the commencement of the trial” — is construed to modify neither the showing of improper venue nor the motion to transfer, then the phrase would be rendered meaningless. Before the enactment of § 6-5-546, Rule 12(h)(1) and Rule 82(d)(2)(C)(i) governed the timing of motions to challenge venue. Presuming, as we must, that the Legislature was aware of these rules, the Legislature could not have intended to include a meaningless phrase — “at any time *191 prior to the commencement of the trial” — in a sentence governing the timing of venue challenges. See Blue Cross & Blue Shield of Alabama, Inc., v. Nielsen, 714 So.2d 293 (Ala.1998) (“It is a familiar principle of statutory interpretation that the Legislature, in enacting new legislation, is presumed to know the existing law.”); Elder v. State, 162 Ala. 41, 45, 50 So. 370, 371 (1909) (stating that it is unreasonable to hold that the Legislature employed meaningless words); Sheffield v. State, 708 So.2d 899, 909 (Ala.Crim.App.) (“ ‘There is a presumption that every word, sentence, or provision was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used.’ ”) (quoting 82 C.J.S. Statutes § 316 (1953)), cert. denied, 708 So.2d 911 (Ala.1997); McDonald v. State, 32 Ala.App. 606, 609, 28 So.2d 805, 807 (1947) (“A legislature will not be presumed to use language without any meaning or application-”). Moreover, even such an unnatural construction would not avoid the conflict between Rule 82(d)(2)(A), which provides for a discretionary transfer upon the motion of “less than all remaining defendants,” and the statutory timing sentence, which provides for a mandatory transfer upon the motion of “any defendant.”
We decline to engage in the exercise of cutting and pasting both the timing sentence of § 6-5-546 and the provisions, of the rules so as to accomplish judicially what the Legislature has time and again accomplished by simply omitting from venue statutes language addressing the timing of challenges to venue. See, e.g., Ala.Code 1975, § 6-3-2 (providing general rules of venue for actions against individuals, but omitting language addressing the timing of challenges to venue); § 6-3-3 (providing for the venue of actions regarding work or labor done, but omitting language addressing the timing of challenges to venue); § 6-3-4 (providing for the venue of actions against unincorporated insurers, but omitting language addressing the timing of challenges to venue); § 6-3-5 (providing for the venue of actions regarding insurance policies, but omitting language addressing the timing of challenges to venue); § 6-3-6 (providing for the venue of actions against unincorporated organizations and associations, but omitting language addressing the timing of challenges to venue); § 6-3-7 (providing for the venue of actions against corporations, but omitting language addressing the timing of challenges to venue). Instead, we construe the timing sentence of § 6-5-546 as it is written, so that both the showing and the motion may be made “at any time prior to the commencement of the trial.” This construction allows health care defendants to take full advantage of the new venue rule of § 6-5-546, as long as they move to transfer before trial. This construction is consistent with the Legislature’s purpose in passing the 1987 Act — to control “the spiraling costs ... of essential medical services caused by the threat of [medical liability] litigation.” § 6-5-540.[10]

C. Absence of Waiver by the Health Care Defendants

The Health Care Defendants moved on September 16 and 17, 1997, to transfer for improper venue; this was before the trial commenced. The motions to transfer were also made before the October 1 concession by Howell’s counsel that Howell would name no Walker County health care defendants and that there thus was no allegation of an act or *192 omission occurring in Walker County that gave rise to medical liability. Under § 6-5-546, the motions for a transfer were timely.
We conclude that the Health Care Defendants have demonstrated a clear legal right under § 6-5-546 to have the claims against them severed and transferred to Jefferson County, where the alleged acts of malpractice occurred. Therefore, we grant their petitions for the writ of mandamus.
1970089 — WRIT GRANTED.
1970092 — WRIT GRANTED.
1970098 — WRIT GRANTED.
HOOPER, C.J., and MADDOX, J., concur.
ALMON and HOUSTON, JJ., concur specially.
SHORES, KENNEDY, COOK, and LYONS, JJ., concur in the result.

. Rule 82(c), Ala. R. Civ. P., reads in its entirety:
"Venue Where Claim or Parties Joined. Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties."

. Rule 12(h)(1) provides:
"A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service or process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.”
Rule 12(g), Ala. R. Civ. P., provides:
"A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.”

. Before 1987, Rule 82(d)(2)(C)(i) read:
"Voluntary Dismissal. A motion to transfer after voluntary dismissal of a party shall be served as soon as practicable if the action has been set for trial within less than thirty days of the dismissal or if the trial of the action has been commenced and, in all other instances, within thirty days of the dismissal.”
Effective September 1, 1987, Rule 82(d)(2)(C)(i) was amended to start the running of the 30-day period from the date of the service of notice of the dismissal of a party, instead of from the date of the order of dismissal. See Rule 82, Ala. R. Civ. P., emts.

. Ala.Code 1975, § 6-3-2, which does not mention the timing of venue challenges, provides in pertinent part:
“(a) In proceedings of a legal nature against individuals:
[[Image here]]
“(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred."
Ala.Code 1975, § 6-3-6, which does not mention the timing of venue challenges, provides:
"Action against an unincorporated organization or association may be commenced in any county where such organization or association does business or has in existence a branch or local organization.”
*188 Ala.Code 1975, § 6-3-7, which does not mention the timing of venue challenges, provides:
"A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."

. The Legislature specifically addressed timing in Ala.Code 1975, § 6-3-20:
"Either party to a civil action may move the court to change the venue at any time before final trial, making affidavit that for causes set forth, he cannot have a fair and impartial trial in the county where the action is pending. The court may direct a change to the nearest county free from proper objection by either party, to be determined by affidavits and, whenever it will best secure the ends of justice, it may require the applicant to give bond and security for costs. The same party can have the venue changed but once.”
(Emphasis added.)

. Howell also argues that the Health Care Defendants should have known on August 12, 1997, that he would not name Walker County health care providers as defendants. On that date, Howell supplied the Health Care Defendants with his final disclosure of expert-witness evidence, which indicated no negligence on the part of Walker County health care providers. However, the Health Care Defendants' filing of their motions to transfer, coming barely a month after this disclosure, and still before trial, was sufficiently timely to avoid any argument of an implied waiver of venue.

. Rule 82(d)(4), Ala. R. Civ. P., provides that once a defendant moves to transfer venue, only defendants named within 75 days of the filing of the motion will be considered for purposes of determining venue. Howell argues that this rule negates the Health Care Defendants' reliance on the possibility that the fictitious Walker County health care providers would be named as defendants. Specifically, Howell asserts that pursuant *190 to Rule 82(d)(4), the Health Care Defendants could have required him to name any Walker County health care providers at any time. Within 75 days of filing a motion to transfer, the Health Care Defendants would have known if acts of malpractice were alleged in more than one county and thus whether the malpractice claims could not be transferred to Jefferson County. Of course, the plaintiff, who had the most intimate knowledge of what claims he would make and what defendants he would sue, also could have named or excluded any Walker County health care provider defendants at any time. More importantly, Howell's circuitous argument fails because neither the statute nor the rule requires health care providers to force the plaintiff to name all defendants before the commencement of trial.

. Rule 82(d)(2)(C)(i), Ala. R. Civ. P., provides:
"Voluntary Dismissal. A motion to transfer after voluntary dismissal of a party shall be served as soon as practicable if the action has been set for trial within less than thirty (30) days of the dismissal or if the trial of the action has commenced; and, in all other instances, within thirty (30) days after the plaintiff serves a notice of the voluntary dismissal on all other parties and flies a copy of the notice with the clerk."

. Further, construing the phrase "at any time prior to the commencement of the trial” to modify only the showing of improper venue, and not the motion, would effectively render the phrase "at any time” meaningless with respect to Rule 12, Ala. R. Civ. P. Before the 1987 Act, a plaintiff could make a showing of improper venue any time before trial, by dropping a claim. The timing of a defendant's motion was governed by Rule 12(d) and (h)(1). Presuming that the Legislature was aware of pre-1987 law, it would not have included the phrase "at any time” in § 6-5-546 for the purpose of retaining the timing provisions of Rule 12(d) and (h)(1) — a result that would have occurred had the phrase been omitted. See Blue Cross & Blue Shield of Alabama, Inc., v. Nielsen, 714 So.2d 293 (Ala.1998) ("It is a familiar principle of statutory interpretation that the Legislature, in enacting new legislation, is presumed to know the existing law.”); McDonald v. State, 32 Ala.App. 606, 609, 28 So.2d 805, 807 (1947) ("A legislature will not be presumed to use language without any meaning or application....”).

. Of course, the right to challenge venue, even under § 6-5-546, may be waived. See Jordan v. Guaranty Pest Control, Inc., 292 Ala. 601, 605-06, 298 So.2d 244, 248 (Ala.1974) (distinguishing venue, which may be waived, from subject matter jurisdiction). On a party's motion or on its own motion, the trial court may schedule a hearing on a § 6-5-546 venue matter. After granting appropriate continuances to resolve factual disputes, the trial court can rule on the applicability of a transfer for improper venue. If a defendant does not seek a writ of mandamus in a timely manner, he will have waived any further chal lenges to venue. See Ex parte Swift Loan & Finance Co., 667 So.2d 706, 708 (Ala.1995) (stating that a mandamus petition is the proper method for challenging a venue ruling); Medical Service Administration v. Dickerson, 362 So.2d 906 (Ala.1978) (holding that a writ of mandamus is the proper relief for an improper transfer based on venue); Evans v. Insurance Co. of North America, 349 So.2d 1099, 1101 (Ala.1977) (stating that a petition for the writ of mandamus will be held untimely upon a showing of unreasonable delay and prejudice).