199 So.2d 672

**C. E. BUFFALOW**

v.

**STATE of Alabama ex rel. Jack F. INABINETT.**

**4 Div. 259.**

Supreme Court of Alabama.

Feb. 2, 1967.

Rehearing Denied June 1, 1967.

Harold Albritton, Robt. B. Albritton, Albrittons & Rankin, Andalusia, for appellant.

J. B. Nix, Jr., Evergreen, for appellee.

Oliver W. Brantley, Troy, Donald F. Colquett, Opp, Albert L. Rankin, Andalusia, and Drayton N. Hamilton, Montgomery, amici curiae in support of application for rehearing.

SIMPSON, Justice.

The appellee Jack Inabinett brought this quo warranto proceeding charging appellant Buffalow with usurping, intruding into and unlawfully holding the office of director of the Water Works & Sewer Board of the City of Florala. Inabinett was appointed to the board on January 10, 1961, during his term as a member of the City Council of the City of Florala. His term of office as a member of the City Council expired in October, 1964. He continued to attend and participate in meetings of the Board until he was advised on January 27, 1965 that Buffalow had been appointed as a member of the board to fill the unexpired portion of the term of office created by the expiration of Inabinett's tenure of office as a city councilman. Buffalow was at the time of his appointment and is at the present time mayor of the City of Florala.

After hearing, the trial court entered judgment, pertinent parts of which are set out:

"* * * It is THEREFORE ORDERED AND ADJUDGED BY THE COURT that the respondent, C. E. Buffalow be and he is hereby excluded from the office of Director of the Water Works and Sewer Board of the City of Florala. It is Further Ordered and Adjudged by the Court that the relator, Jack F. Inabinett is not entitled to the office of Di-

rector of Water Works and Sewer Board of the City of Florala. It is Further Ordered and Adjudged by the Court that the cost of this proceeding be and the same is hereby taxed against the respondent, C. E. Buffalow, for which let execution issue.

"The Court files the following opinion, to-wit: Article 4 of the Articles of Incorporation of the Water Works Board of the City of Florala expressly prohibited any member of the city governing board of the City of Florala, Alabama from serving on the city water works board. The Articles of Incorporation were amended, changing the name of the Water Works Board to the Water Works and Sewer Board of the City of Florala and permitting said board to engage in matters not embraced within the original Articles of Incorporation but wholly failed to authorize members of the governing body of the City of Florala to serve on the Board of Directors of the Water Works and Sewer Board of the City of Florala. It is the opinion of the Court that the general statutes of the State permitting members of the city governing bodys [sic] to serve as Directors of such Water Works and Sewer Boards is permissive only and is not directive or mandatory that they must serve on such boards, and the Articles of Incorporation of this particular board not having been amended to permit such serving by the members of the governing body, it is the opinion of the Court that the relator during his term as a member of the City Council of the City of Florala, and the respondent during his term as Mayor of the City of Florala have each been only de facto directors of said board and should each be excluded therefrom. * * *"

The Water Works Board of the City of Florala was incorporated in 1949 under the provisions of Title 37, §§ 394–402, Code of 1940, as amended. The certificate of incorporation contained the following provision:

"4. * * * The members of the Board of directors shall be elected by the governing body of the said City of Florala. None of the members of the said board of directors shall be an officer thereof. * * *"

This provision was in accordance with the statutes under which the board was incorporated, § 397 providing:

"Board of directors.—* * * No member of the board of directors shall be an officer of the municipality. * * *"

In 1951 the legislature adopted a new set of statutes covering the subject dealt with in Title 37, §§ 394–402, which now appear as § 402(15–27). The new set of statutes provided that corporations already in existence under the old statutes could continue in existence and be governed by such sections or could be amended so as to come under the new statutes.

The certificate of incorporation of the Water Works Board of the City of Florala was amended under the provisions of the new statutes so as to permit it to own and operate a sanitary sewer system, etc. and to change its name to "The Water Works and Sewer Board of the City of Florala".

In 1956 the legislature amended further both sections 397 and 402(17) so as to remove the restriction against officers of the municipality being members of the board of directors, and made any offier of the municipality eligible to serve as a member of the board of directors. A 1957 amendment added to the eligibility provision "for the term for which he is appointed or during his tenure as a municipal officer, whichever expires first". The certificate of incorporation of the Water Works and Sewer Board of the City of Florala was never amended to remove the restriction included therein against officers of the municipality serving as members of the board of directors.

The appellant contends that he has a right to the office even though the certificate of incorporation was never amended on the theory that the statute allows it and it was unnecessary to amend the certificate of in-

corporation to so provide. He further contends that, under the clear language of Title 37, § 402(17) as amended, appellee's term ended when his tenure as a municipal officer expired in October, 1964. He says that a vacancy was created at that time and that the governing body of the City of Florala was authorized to appoint him (the mayor of the city) to fill the vacancy, notwithstanding the fact that the articles of incorporation expressly provided that officers of the city were ineligible.

■ We are in full agreement with the conclusion reached by the trial court, and adopt his conclusions as the opinion here. A careful reading of the statutes involved will clearly indicate that the legislature carefully avoided any implication that the new statutes adopted from time to time were mandatory on the municipalities involved. The new statutes defined the outside limits of the authority of the corporations formed under their provisions. It never indicated that the corporation was required to exercise all of the authority which the legislature permitted it to exercise. The City of Florala was not required to amend its charter so as to come under the 1955 amendments. It was permitted to if it chose. It chose to do so. Further, it was not required to amend its charter to remove the restriction against municipal officers serving on the board of directors of its water works board. It was permitted to if it chose under the 1956 amendment. It did not see fit to remove this restriction and it remains in its articles of incorporation. There is nothing to indicate that the legislature attempted to require that the restriction be removed where it appeared in certificates of incorporation already on file, but rather simply allowed the removal of the prohibition if the board found it desirable.

■ It follows that appellant is not entitled to the office of a director of the Water Works and Sewer Board of the City of Florala because he is presently an officer of the municipality. Further, the appellee is not entitled to the office because he, too, was appointed at a time when he was an officer of the municipality, both of which appointments are prohibited by the Articles of Incorporation of the Water Works and Sewer Board.

Affirmed.

LIVINGSTON, C. J., and MERRILL, and HARWOOD, JJ., concur.

## On Rehearing

The appellant and others appearing amicus curiae contend that the opinion in this case is wrong in interpreting the provisions of Title 37, §§ 402(16) and 402(17) as permissive rather than mandatory on water works boards. Our opinion did not intend to hold, nor do we think it did, that a corporation formed under these sections (making up Article 7) could include a provision contrary to the provisions of these statutes. However, when we are called upon to construe a statute passed by the legislature we are compelled, if we can, to give effect to every provision contained in it. If, as contended by appellant, the legislature intended that the provisions of § 402(17) would be applicable to pre-existing corporations [i. e. those formed under Title 37, §§ 394–402 or 402(2) or 402(14)] what meaning can we give to the very first sentence of § 402(17) which provides "Each corporation *formed or the certificate of incorporation of which is amended under this article* shall have a board of directors which shall constitute the governing body of the corporation * * *. Any officer of the municipality shall be eligible for appointment and may serve as a member of the board of directors * * *." (Emphasis supplied). Appellant seeks to have us construe the last sentence above as requiring the nullification of a provision in the certificate of incorporation of a pre-existing board precluding officials of a municipality from serving as members of the board of directors. But to adopt that construction would render meaningless the first sentence italicized above.

The Water Works Board of the City of Florala was incorporated under old statutes which precluded officials of the munici-

pality from serving on the board of directors. The first sentence of the foregoing section would seem to permit the exclusion of this until such time as the certificate is amended to come within the provisions of the new statutes. We cannot read into these statutes the interpretation pressed for by appellant. Section 402(27) expressly provides corporations already in existence and organized or incorporated under the old statutes (as was the corporation involved here) shall continue in existence and shall continue to have and exercise all powers, authorities, rights, privileges, franchises, functions, and duties subject to the restrictions and limitations provided for (in the old statutes)—except that such corporations by amending their certificates of incorporation as herein provided may come under and be governed and controlled by all provisions of this article as fully as if originally incorporated hereunder.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.