HOUSTON, Justice.[1]
The City of Wetumpka (“the City”) named Lewis Washington, a duly elected councilman for the City, as a director of the City’s Water Works and Sewer Board (“the Water Board”). The Water Board; Dr. J.E. Dunn, chairman of the Water Board; and Kendall Smith, vice chairman of the Water Board, petitioned for a writ of quo warranto and sued for a declaratory judgment against the City and Washington. The facts were stipulated. The trial court denied the Board’s petition for a writ of quo warranto and its request for a declaratory judgment. The Board appeals.
The Water Board was organized in 1949 under Title 37, §§ 394 to 402, Code of 1940, as amended. Paragraph four of the Water Board’s certificate of incorporation provided:
“The corporate power shall be exercised by a Board of Directors, which shall consist of three members which shall be the maximum and minimum thereof. The members of the Board of Directors shall be elected by the governing body of the City of Wetumpka. None of the members of the said Board of Directors shall be an officer thereof. The members of the Board of Directors shall be elected in the manner and hold office for the term as provided by law.”
(Emphasis added.)
The Water Board’s bylaws also provided in pertinent part:
“The property and business of this corporation shall be managed by its board of directors, consisting of three members who shall be duly qualified electors of and property owners in Wet-umpka, Alabama, shall not be officers thereof, and shall be elected by the governing body thereof.”
(Emphasis added.)
The Water Board’s certificate of incorporation, at the time of its execution, and its bylaws, at the time of their adoption, complied with Title 37, § 397, which provided in pertinent part as follows: “No member of the board of directors shall be an officer of the municipality.”
Title 37, § 397, was amended in 1956 to provide: “Any officer of the municipality shall be eligible for appointment and may serve as a member of the board of directors but shall not receive a fee for his services.... ” That section has been brought into the current Code, Aa.Code 1975, as § ll-50-234(a). That section provides: “Any officer of the municipality *468 shall be eligible for appointment and may serve as a member of the board of directors but shall not receive a fee for his services; provided, that at no time shall the board consist of more than two officers of the municipality.” Neither Dunn nor Smith is an officer of the City.
Paragraph four of the Board’s certifícate of incorporation was not specifically amended to conform with the changes in the statute and, when the City appointed Councilman Washington as a director of the Water Board, the certifícate still provided: “The members of the Board of Directors shall be elected by the governing body of the City of Wetumpka. None of the members of said Board of Directors shall be an officer thereof.”
In denying the writ of quo warranto, the trial court held that a city councilman was not “an officer” of the city he serves and that, even if a councilman was an officer of the city, a Wetumpka councilman is permitted to serve as a director of the Water Board, pursuant to what is now Ala.Code 1975, § 11-50-234, without the necessity of a formal amendment to the Water Board’s articles of incorporation. The trial court further held that even if the City did not have the authority to appoint a council member to the Water Board, the Court should not remove Councilman Washington from the Water Board because, the court held, the Water Board would be estopped to challenge Washington’s service on the Water Board and had waived any right to challenge his service as a director.
Councilman Washington is an officer of the City. Jackson v. Hubbard, 256 Ala. 114, 120, 53 So.2d 723 (1951): “If a water works corporation is organized in a municipality having a mayor and councilmen, such officers cannot serve as members of the board of directors.” (Emphasis added.) See also Buffalow v. State ex rel. Inabinett, 281 Ala. 132, 199 So.2d 672 (1967); and Akers v. State ex rel. Witcher, 283 Ala. 248, 215 So.2d 578 (1968).
The term “an officer thereof,” in paragraph four of the Water Board’s certificate of incorporation, refers to the City of Wetumpka. The wording of the Water Board’s certificate of incorporation was consistent with what was the law of Alabama at the time the certificate was executed. Title 37, § 397, Code of 1940, provided: “No member of the [Water Board’s] Board of Directors shall be an officer of the municipality.” See Buffalow v. State, 281 Ala. at 133, 199 So.2d at 673-74.
The City argues that it was automatically entitled to appoint a city councilman as a director of the Water Board after Title 37, § 397, was amended in 1956 to allow an officer of a municipality to serve as a member of a water board without an amendment to the Water Board’s certificate of incorporation.
This Court has addressed the question whether a water board’s certificate of incorporation is automatically amended when the statute restricting the membership of such a board is broadened, in Water Works Board of the City of Leeds v. Huffstutler, 292 Ala. 669, 299 So.2d 268 (1974). The Court held that it was not. In Leeds, the directors of a three-person water board sued to have a city ordinance that purported to increase the membership of the board from three to five declared void. The board was incorporated at a time when Title 37, § 397, provided that there would be three persons on the board of directors, and the certificate of incorporation provided for three directors. Title 37, § 397 (now § ll-50-234(a)), was amended after the Leeds water board was incorporated to allow for a five-member board of directors. The City of Leeds appointed two additional directors. This Court held that the City of Leeds could not increase the membership of the board of directors in disregard of the water board’s certificate of incorporation and in disregard of the statutory procedure for amending the certificate of incorporation. In this present case, the City argues that *469 it can appoint a city councilman to the Water Board pursuant to § 11-50-234(a) — given the wording added by the 1956 amendment — without an amendment to the Water Board’s certificate of incorporation. It cannot.
We are dealing with a question of one’s eligibility to serve on the Water Board, rather than a question of the Water Board’s powers. Paragraph five of the Water Board’s certificate of incorporation, as amended, does not in any way empower the City to appoint a city councilman as a director of the Water Board when such an appointment is prohibited by the certificate of incorporation. That certificate provides:
“The objects for which the corporation is formed are to acquire, construct, operate, maintain, improve and extend a water works plant or plants and system or systems and any part or parts thereof in the City of Wetumpka, Alabama, and in the territory in the vicinity thereof.
“In furtherance of the said objects, the corporation shall have all powers conferred on corporations of like nature by the aforesaid sections of said code under which the corporation is organized and any amendments thereof at any time enacted by the legislature, and all other powers conferred upon corporations generally by the laws of Alabama.”
(Emphasis added.)
The powers of a public corporation, such as the Water Board, are specifically enumerated in Ala.Code 1975, § ll-50-235(a), which provides:
“Each corporation formed under this division shall have the following powers together with all powers incidental thereto or necessary to the discharge thereof in corporate form.... ”
This statute then lists 13 specific powers that a water board has. None of these “powers” includes a city councilman’s eligibility for appointment to the board of directors of a water board.
A statute provides for the amendment of a water board’s certificate of incorporation; see § ll-50-232(b). This statute has not been complied with; therefore, the Water Board’s certificate of incorporation has not been amended to permit a city councilman to serve on the Water Board. The 1956 amendment to what is now § ll-50-234(a) was only permissive in nature, Buffalow, supra, and Leeds, supra; therefore, to effectuate an amendment to the eligibility provision of the Water Board’s certificate of incorporation, § ll-50-232(b) must be complied with. It has not been.
The Water Board is not estopped from filing this action. The City did not plead estoppel in a timely manner; when the City did plead estoppel, it did not plead it with particularity. Hendricks v. Blake, 291 Ala. 575, 580, 285 So.2d 82, 86 (1973). The Water Board filed a motion to strike the City’s untimely answer, which states: “The defendants plead estoppel.” That motion should have been granted.
The elements of estoppel were enumerated in Mazer v. Jackson Insurance Agency, 340 So.2d 770, 773 (Ala.1976), quoting 3 Pomeroy, Equity Jurisprudence § 805 (5th ed.1941):
“ ‘... 1. There must be conduct — acts, language, or silence — amounting to a representation or a concealment of material facts. 2. These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. 3. The truth concerning these facts must be unknown to the other party claiming the benefit of the estop-pel, at the time when such conduct was done, and at the time when it was acted upon by him. 4. The conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon.... 5. The conduct must be relied upon by the other party, and, thus rely *470 ing, he must be led to act upon it. 6. He must in fact act upon it in such a manner as to change his position for the worse; in other words, he must so act that he would suffer a loss if he were compelled to surrender or [forgo] or alter what he has done by reason of the first party being permitted to repudiate his conduct and to assert rights inconsistent with it.... ”’
The Water Board made its position known to the City the day after the appointment. Never did the Water Board know any facts concerning its position that were not communicated to the City. The City failed to prove the first and third elements of estoppel. The record contains no evidence indicating that the City relied upon any representation made to it by the Water Board; therefore, the City has failed to prove the fifth and sixth elements of estoppel. The trial court erred in holding that the Water Board was estopped from challenging Washington’s status as a board member.
REVERSED AND REMANDED.
HOOPER, C.J., and SEE, BROWN, and ENGLAND, JJ., concur.

. This case was originally assigned to another Justice on this Court; it was reassigned to Justice Houston on April 17, 2000.